May Term,
1839.

ATKINSON
v.
THE STATE
BANK, &c.

---

ATKINSON *v.* THE STATE BANK, Assignee, &c.

In an action of assumpsit against *A.*, the pendency of a former suit for the same cause brought by the plaintiff against *A.* and *B.*, though there be a misjoinder of defendants,—may be pleaded in abatement.

If the declaration in a suit on a note be so amended as to admit in evidence a different note from that originally described, it is an amendment in substance, and entitles the defendant to a continuance.

The judgment on sustaining a demurrer to a plea in abatement is *quod respondeat ouster;* but when an issue in fact on such plea is found for the plaintiff, he is entitled to a verdict on the merits.

Tuesday,
May 21.

ERROR to the *Washington* Circuit Court.

DEWEY, J.—This was an action of debt by the State Bank of *Indiana* against *Atkinson,* the maker of a promissory note, in the *Washington* Circuit Court. The defendant pleaded in abatement the pendency of another suit in the *Jackson* Circuit Court on the same note, against *Atkinson* and others. The other defendants were indorsers of the note (1).

The plaintiff demurred to the plea ; the demurrer was

sustained; and final judgment rendered in favour of the plaintiff for the amount of the note.

It appears by a bill of exceptions that the declaration, as originally drawn, set forth an indorsement of the note by the payee to *Samuel P. Mooney* and *Samuel Tanner*, partners in trade, and another from them to one *Redman*. The plaintiff amended the declaration by changing the christian name of *Tanner* from *Samuel* to *Joseph S.;* whereupon the defendant demanded a continuance of the cause to the next term. The continuance was refused by the Court.

The Court below erred in sustaining the demurrer to the plea in abatement. It was no objection to the validity of that plea, that it averred the pendency of a former suit in which there was a misjoinder of defendants. 1 Petersd. Abr. 23. *Atkinson* was a defendant in both actions; both were by the same plaintiff, and for the same cause of action.

There was also error in rendering final judgment upon the demurrer, even supposing the decision had been right as to the demurrer itself. The proper judgment on sustaining a demurrer to a plea in abatement is *quod respondeat ouster.* Gould's Pl. 300.—1 Blackf. 388. The rule, however, is different when issue is joined upon such a plea, and the jury find for the plaintiff. In that case, he is entitled to a verdict upon the merits. Steph. Pl. 105.—Gould's Pl. 300.

An error was also committed in denying the defendant a continuance upon the amendment of the declaration by the plaintiff. The amendment was a matter of substance, and effected such a change in the declaration as would have admitted in evidence an instrument of writing materially differing from that originally described in setting forth the cause of action. *Ewing et al* v. *French*, 1 Blackf. 170.— *Kelly* v. *Duignan*, 2 Blackf. 420.

There was another plea in abatement which became a nullity by the amendment of the declaration, and need not be noticed.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer set aside, at the costs of the defendant in error. Cause remanded, &c.

*A. C. Griffith*, for the plaintiff.

*R. W. Thompson*, for the defendant.

May Term,
1839.

(1) The previous suit had been improperly brought against the maker and indorsers of the note. But a statute has been since passed authorising such a suit on a note negotiable by the law merchant. Stat. 1839, p. 38.— *Dillon et al.* v. *The State Bank, Nov.* term, 1841.—*Livingston et al.* v. *The Indianapolis Ins. Co. May* term, 1842.