*R. A. Riley*, for the appellant.

May Term, 1859.

DEARMOND
v.
BOHN.

---

DeArmond and Others *v.* Bohn and Others.

The pendency of an action in one state cannot be pleaded in abatement of an action between the same parties and for the same cause, in another state. The third clause of § 50, 2 R. S. p. 38, must be construed accordingly.

APPEAL from the *Decatur* Court of Common Pleas.

Worden, J.—Suit by the appellees against the appellants on a note.

Tuesday, June 28.

May Term,
1859.

DeArmond
v.
Bohn.

The defendant answered, in abatement, that on the ——— day of *January*, 1858 (which was before the commencement of this suit), the plaintiffs commenced a suit on the note sued on in this case, in the Common Pleas Court of the county of *Hamilton*, and state of *Ohio*, and had process served on *Thomas DeArmond*, one of said defendants, and garnishee process served on *Robert Armstrong* and *Peter Smith*, as debtors of said defendants, or some of them; that said suit is still pending in said Court, undisposed of, and not dismissed; wherefore, &c.

To this answer the plaintiffs demurred, on the ground that it did not state facts sufficient to abate the suit.

The demurrer was sustained, and such further proceedings were had as that final judgment was rendered for the plaintiffs.

The defendants appeal, and assign for error the ruling of the Court upon the demurrer to the answer.

We are of opinion that the demurrer was properly sustained.

It is settled that the pendency of an action in one state cannot be pleaded in abatement of an action between the same parties and for the same cause, in another state. *Bowne* v. *Joy*, 9 Johns. 221.— *Walsh* v. *Durgin*, 12 *id.* 99.— *McJilton* v. *Love*, 13 Ill. R. 486. In the case in 12 Johnson, it is said by the Court that, "The rule in the *English* Courts is, that the pendency of a suit in a foreign Court, by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a suit instituted in one of their Courts. It is the definitive judgment on the merits only, which is by them considered conclusive, and we have frequently declared so as to suits instituted in the Courts of our sister states. * * * The reasons are that the judgment, at least, if not a recovery in one suit, might be pleaded *puis darrein continuance* to the other suit, and if the two suits should proceed *pari passu* to judgment and execution, a satisfaction of either judgment might be shown upon *audita querela*, or otherwise, in discharge of the other."

The pendency of a prior action in the Courts of the

state, between the same parties, for the same cause, is matter of abatement. See cases collected in Ind. Dig., p. 6.

May Term, 1859.

We are of opinion that the third clause of § 50, of the code (2 R. S. p. 38), providing that a demurrer may be filed where it appears on the face of the complaint "that there is another action pending between the same parties for the same cause," must be construed to mean actions pending in the state, and not out of it.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Gavin* and *O. B. Hord,* for the appellants.

*J. S. Scobey* and *W. Cumback,* for the appellees.