## Loyd v. Reynolds and Others.

ABATEMENT.—ANOTHER SUIT PENDING.—To a suit by A in one of the state courts, it was answered, in abatement, that there was then pending in the United States Circuit Court for the district of *Indiana*, a suit in chancery involving the same matter, begun before the present suit, wherein B was complainant, and some of the present defendants and others were defendants. B was not a party to the suit in the state court, nor was A a party to the chancery suit in the United States court, but the character of that suit was such that A might have become a defendant, and by cross bill have litigated the matters involved in this suit.

*Held,* that the answer in abatement was bad, on demurrer.

APPEAL from the *Tippecanoe* Civil Circuit Court.

FRAZER, J.—To the complaint in this case the defendants answered, in abatement, that a suit in chancery was pending in the Circuit Court of the *United States* for the district of *Indiana*, commenced prior to this suit, wherein one *Nathan H. Stockwell,* who was not a party to this suit, was complainant, and some of the present defendants, and others, not including the present plaintiffs, were defendants, involving the same matter. Such was the nature of this bill that the present plaintiff could become a party to that suit, and, by cross bill, litigate the same matters and obtain the same relief sought in this suit. Others, representing a class having a common interest with him in the matter, were defendants to that bill. This answer was met by a demurrer, which was overruled, and the plaintiff appeals.

It appears to us very clear that the answer was not suffi-cient.    It is a familiar doctrine at law, that a plea showing the pendency of another suit between the same parties, in a court of competent jurisdiction, of the same sovereignty, and concerning the same matter, is good in abatement, and the practice in equity is substantially the same.    But in this case, the plaintiff was not a party to the suit in chancery, and had no control of that suit.    If he had been a defendant in that cause, he would not have been bound to seek affirm-ative relief by a cross bill; he might, at his option, content himself with a mere defense, by answer, and, upon defeating the bill, select his own forum for the prosecution of such a suit as he might deem necessary to obtain the relief which he desired.    It was not in the power of *Stockwell*, in this way, to select the jurisdiction in which *Loyd* should demand redress.      That was *Loyd's* prerogative, not *Stockwell's*. Suppose that *Stockwell* shall choose to dismiss his bill in the federal court before *Loyd* becomes a party to it, as he is at liberty to do, then, if the ruling below be correct, we have a condition of the law which turns a party out of one court, upon the ground that he may assert his rights in a suit pending in another court, when it depends altogether upon the will of another person, adverse to him in interest, whether he shall have an opportunity to be heard at all in the other court.    Tribunals instituted for the administration of justice surely cannot thus mock a suitor.

If it is in place to present more in detail what might be the possible consequences, should the judgment of the court below be established as in accordance with the law of the land, a fuller statement of the record before us will answer for illustration.    The defendant, *William F. Reynolds*, holds, in trust for the stockholders of the late *Lafayette* and *Indian-apolis* Railroad Company, assets amounting to, say $1,250,-000, to be distributed amongst them.    The plaintiff claims that he is a stockholder, and that the whole stock is not exceeding $250,000; that there are mortgage bonds of the company, amounting to $186,000, outstanding and due, and

owned by the defendants in this suit; that *Reynolds* has money in his hands of the late corporation sufficient to pay these bonds, but, instead of doing so, he and the other defendants, to defraud the stockholders, have surrendered the bonds, and received at par stock therefor from *Reynolds*, as president of the company, without right or authority, and are pressing *Reynolds* to distribute to them the assets on an equal footing with the holders of genuine stock, and that there was danger that he would do so. The object of the suit was to prevent this by injunction, and to compel a distribution of the fund to the proper stockholders. In determining the question before us, we must assume that these averments are strictly true. The bill pending in the *United States* Circuit Court is brought by one who holds $500 of the stock issued to the bondholders, to compel the trustee to recognize him as a proper stockholder in the distribution of the fund. Now suppose, what is possible, that the judgment before us shall stand, and that *Stockwell* shall then immediately dismiss his bill. *Loyd* would be out of both courts; the wrong sought to be prevented might be fully accomplished, and, at the best, he must commence a new suit in the same state court, to obtain the very relief sought by the present action. It is not the province of the courts thus, at the very threshold, to repulse a suitor who comes with a cause apparently meritorious.

But we are not without the light of adjudged cases upon this question. *Innes* v. *Lansing*, 7 Paige, Ch. R. 583, is a well considered and instructive case in point. There a statute empowered any creditor of an insolvent partnership to proceed by bill in equity on behalf of himself and all other creditors; but it was nevertheless held that though such a bill was pending, yet another creditor might also institute another suit for the same purpose. The practice was stated on the authority of English cases cited to be, where several have a right individually to share in a trust fund, and to enforce an execution of the trust by action, to allow several suits to be brought, and when a final decision is reached in

one, to stay proceedings in the others: By this method, no conflict of jurisdiction can ensue between the two courts, nor can the difficulty arise which is suggested by the appellees, the putting of the trustee in the dilemma of being required to execute the trust according to the direction of two decrees, rendered by different courts, and possibly so variant that one could not be obeyed without disregarding or violating the other.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the answer.

RAY, J., being of kin to parties directly interested in the controversy, declined to sit in this case.

*H. W. Chase, J. A. Wilstach, J. A. Stein* and *W. C. Wilson,* for appellant.

*R. E. Jones, S. A. Huff, J. E. McDonald* and *A. L. Roache,* for appellees.