## DAWSON ET AL. *v.* VAUGHAN.

PLEADING.—*Abatement.—Another Action Pending.*—An answer in abatement, alleging the pendency of another action, must show that it is between the same parties.

VENUE.—*Change of.—Issues.*—When a motion is made to change the venue of a cause from the county, on account of local prejudice, the court may suspend action on the motion until the issues are closed; for it may happen that there will be nothing for a jury to try.

NEW TRIAL.—*Motion.*—Error in sustaining a demurrer, and error in permitting a plaintiff to amend his complaint, are not causes for a new trial.

APPEAL from the Wells Circuit Court.

OSBORN, C. J.—This was an action to foreclose a mortgage, and for a personal judgment against one of the mortgagors. The complaint alleges that George W. Dawson executed four promissory notes of seven hundred and fifty dollars each payable to the order of Bayliss, Vaughan, & Co.; that he and his wife executed a mortgage upon certain real estate, machinery, etc., for a saw-mill, in Wells county; that the notes had all been endorsed in writing to the appellee; that a part of them were due and unpaid. Prayer for judgment

of foreclosure, and personal judgment against the maker of the note, and other proper relief. Copies of the notes and endorsements and the mortgage are filed with and made a part of the complaint.

The defendants appeared and filed the affidavit of the appellant George W. Dawson, that he believed he could not have a fair and impartial trial in Wells county, because of an odium attaching to him on account of local prejudice, and moved the court for a change of venue. The motion was sustained, and an order entered that the venue should be changed upon the completion of the issues. Afterward, the appellants filed an answer in abatement, alleging "that before the bringing of the action, to wit, on the — day of ————, 1871, in the circuit court of Wayne county, in this State, a suit was then and there pending between Joseph M. Bayliss and Andrew F. Vaughan, under the firm name of Bayliss, Vaughan, & Co., against George W. Dawson *et ux.;* that this suit was pending for the same cause of action as in the present suit mentioned; that said action in said court was pending at the bringing of this suit." Prayer that the suit abate. To that answer a demurrer was filed and sustained, and the appellants excepted. They declined to answer further, and elected to abide by the demurrer. On motion of the appellee, the assessment of damages was submitted to the court, and, after a proper finding, final judgment was rendered for the appellee and for a foreclosure, etc.

After the rendition of the judgment, a motion for a new trial was filed, first, because the court erred in sustaining a demurrer to the answer in abatement; second, the court erred in permitting the plaintiff to amend his complaint after answer filed. The motion was overruled, and they excepted.

The errors assigned are, first, in sustaining the demurrer to the answer; second, in continuing to take and retain jurisdiction after the motion for change of venue had been made and granted; third, in sustaining the motion of the appellee to submit the cause for trial to the court, and in hearing and finding the facts after the motion for a change of venue had

Dawson *et al. v.* Vaughan.

been made and sustained; fourth, in overruling the motion for a new trial.

The answer was fatally defective. An answer in abatement of the pendency of another action must show that it is between the same parties. *Loyd* v. *Reynolds*, 29 Ind. 299; *Smith* v. *Blatchford*, 2 Ind. 184. In *Atkinson* v. *The State Bank*, 5 Blackf. 84, it was held that a plea of the pendency of another action against the defendant and another was good, though there might have been a misjoinder. The action was by the same plaintiff, and Atkinson was a defendant in both actions. The appellee in this case was not a party to the action in Wayne county; had no control over and would not be bound by any judgment rendered in it. The endorsements of the notes are without date. The presumption is, that they were made at the date of the notes. *Ewing* v. *Sills*, 1 Ind. 125; *Bates* v. *Pricket*, 5 Ind. 22. The answer was not verified. Answers in abatement should be sworn to. The proper practice would have been to move to reject or strike it from the files, but as the proper result was reached, the case should not be reversed because of the error in its mode. *The Indianapolis, Peru, and Chicago Railway Company* v. *Summers*, 28 Ind. 521.

The second and third assignments of error will be considered together.

The court was not required to make the order changing the venue until an issue of fact was formed. When a motion is made to change the venue of a cause from the county on account of local prejudice, before an issue of facts is made, the court may suspend action on the motion until the issues are closed. It may happen, as in the case at bar, that there will be nothing for a jury to try. 2 G. & H. 218, sec. 367.

The grounds or reasons for a new trial, stated in the motion, are not causes for a new trial under the statute.

The judgment of the said Wells Circuit Court is affirmed, with costs and three per cent. damages on seventeen hun-

dred and thirty-four dollars and ninety-six cents, the amount found to be due.

*L. M. Ninde,* for appellants.

*J. S. Dailey* and *L. Mock,* for appellee.