Filed Feb. 14, 1885.

---

No. 11,916.

## MERRITT v. RICHEY.

PLEADING.—*Answer in Abatement.—Pendency of Prior Action.—Demurrer.—Error.*—It is error to sustain a demurrer to a verified answer in abatement setting up that a prior action, between the same parties and for the same cause of action, is pending and undetermined on appeal in the Supreme Court.

From the Clinton Circuit Court.

*J. V. Kent* and *J. W. Merritt*, for appellant.

*J. N. Sims*, for appellee.

HOWK, J.—This was a suit by the appellee Richey against the appellant Merritt, to recover the possession of certain real estate in Clinton county, and damages for having been kept out of the possession thereof. The cause was put at issue and tried by the court, and a finding was made for the appellee, and judgment was rendered accordingly; and from this judgment this appeal is prosecuted.

The first error of which complaint is made, in argument, is the decision of the court in sustaining appellee's demurrer to the appellant's amended answer.

Merritt *v.* Richey.

This action appears from the record to have been commenced in the trial court, on the 20th day of September, 1883. The amended answer was pleaded by the appellant in abatement of this action, on the ground that a prior suit, commenced in the same court on the 6th day of May, 1881, between the same parties, and involving, as does this action, the appellee's title to and right to the possession of the land in controversy, was then pending and undetermined on appeal in the Supreme Court. This amended answer was duly verified by the oath of the appellant, and therein he prayed that the present action abate and be held in abeyance until the appeal in the former suit was determined by this court. The answer was very full in its averments, and was very long. Without attempting to summarize the answer, it will suffice for us to say that sufficient facts were stated therein, we think, to withstand the appellee's demurrer, and to entitle the appellant to the relief prayed for. It clearly appeared from the facts stated in the answer, and admitted to be true by appellee's demurrer, that this action ought not to have been prosecuted to final judgment, until the appeal in the former suit had been determined. We conclude, therefore, that the court erred in sustaining the demurrer to appellant's answer. *Loyd* v. *Reynolds*, 29 Ind. 299; *Dawson* v. *Vaughan*, 42 Ind. 395; *Moore* v. *Kessler*, 59 Ind. 152.

Another error complained of, in argument, by the appellant's counsel, is the sustaining of appellee's demurrer to appellant's cross complaint. Since this cause was decided below, the appeal in the former suit, between the same parties and in relation to the same land, has been decided by this court, and the opinion of the court, in that case, is reported under the name of *Merritt* v. *Richey*, 97 Ind. 236. In that case the appellant was the plaintiff below, and the object of his suit was to have the sheriff's sale and deed, under which the appellee Richey claimed title to the land then and now in controversy, set aside by the decree of the court. A

demurrer was sustained to the complaint in that case, but on appeal, after setting out the substance of the complaint, this court said : " This complaint was unquestionably good." The facts stated in that complaint were substantially the same as those alleged in the cross complaint in the case at bar. Upon the authority of the case last cited, and for the reasons there given, we must hold in this case that the cross complaint was unquestionably good, and that the demurrer thereto ought to have been overruled.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrers to the amended answer and the cross complaint, and for further proceedings not inconsistent with this opinion.

Filed Feb. 14, 1885.