Filed Dec. 17, 1891.

---

No. 15,251.

THE AMERICAN CANNEL COAL COMPANY *v.* THE HUNTINGTON, TELL CITY AND CANNELTON RAILROAD COMPANY.

ASSESSMENT OF DAMAGES.—*Majority Award.*—In the assessment of damages occasioned by the taking of land by a railroad company, an appraisement concurred in by two of the appraisers is sufficient.

SAME.—*Assessment in Gross to Two Tracts Owned by One Person.*—If a land-holder owns two or more tracts damaged, an assessment of damages in gross does not render the award liable to an exception to the effect that the damages to each tract ought to be itemized.

SAME.—*Itemizing Damages.*—In assessing damages to a tract of land the appraisers are not bound to itemize them.

SAME.—*Qualifications of Appraisers.*—*Presumptions as to.*—*Failure to Show in Award.*—In the absence of a specific averment to the contrary, it will be presumed that the appraisers possessed the necessary qualifications. The record need not affirmatively show that they were qualified.

From the Spencer Circuit Court.

*A. H. Garland* and *H. J. May*, for appellant.

*J. E. Iglehart, E. Taylor* and *W. Henning*, for appellee.

The American Cannel Coal Co. *v.* Huntington, Tell City, Etc., R. R. Co.

McBRIDE, J.—The appellee, a railroad corporation, appropriated for the purposes of its road-bed, depot, station, shops, etc., certain land belonging to the appellant. The appropriation was made pursuant to the provisions of sections 3906, 3907, R. S. 1881.

Error is assigned on the action of the circuit court in sustaining demurrers to certain exceptions filed by the appellant to the award of the appraisers.

The first exception is as follows: "Because the appraisers did not agree upon any award, but two of them fixed the amount of the damages at $300, and the other one at $1,438, so that there was no agreement of the said appraisers."

This exception proceeds on the theory that the award of the appraisers in appropriation proceedings, like the verdict of a jury, must be agreed to by all of the appraisers to be valid.

Unanimity among the appraisers is not required.

An appraisement concurred in by two is sufficient. Section 240, clause 2, R. S. 1881; *Piper* v. *Connersville, etc., T. P. Co.*, 12 Ind. 400; *Cicero, etc., Co.* v. *Craighead*, 28 Ind. 274; *Hays* v. *Parrish*, 52 Ind. 132; *Scraper* v. *Pipes*, 59 Ind. 158.

The third exception is as follows: "Because it does not state the separate value of the parts of the lots taken, nor the separate value of the parts of the street taken, nor the separate value of the land from which the strip is appropriated."

The land sought to be appropriated is a strip forty feet wide, extending across two lots, both belonging to the appellant, and a strip twenty feet wide off a street on which the lots abut, the portion of the street appropriated being adjacent to the lots. The objection, it will be observed, is not that the appraisers did not separately consider the effect of the appropriation upon the several tracts, but that in their award they did not itemize the damages. The court did not

err in sustaining the demurrer to this exception. While it was the duty of the appraisers to consider all of the effects of the proposed appropriation on each tract of land affected, they were not required to itemize and separately state the damages to each tract. An award of a sum in gross covering all of the damages to all of the several tracts was sufficient.

The fourth exception is as follows: "Because it is not shown upon the face of the proceedings that the appraisers or arbitrators were qualified under the law in this, that it is not shown by such proceeding that such appraisers or arbitrators did not own land within one mile of any part of the said railroad for which the said strip of land is appropriated."

This exception contains no allegation that either of the appraisers was disqualified. The only objection is that the record does not affirmatively show that they were qualified.

In the absence of any specific averment to the contrary it will be presumed that the appraisers possessed the necessary qualifications. *Turpin* v. *Eagle Creek, etc., G. R. Co.*, 48 Ind. 45.

If they did not, that fact must be averred and proven by the party attacking the award.

The fifth and sixth exceptions present the same question. Both allege that it is not shown by the award that the appraisers considered the damages that might accrue to the appellant because of certain specific facts.

The objection is not to what the appraisers did, or failed to do, but to the form of the award. That it does not affirmatively appear from the award that the appraisers considered and awarded damages because of increased danger from fire, because of damage to storage, wharfage, etc.

The appraisers were required to consider and to award compensation for all damages of every character which would be sustained by the appellant by reason of the appropriation of the land to the uses contemplated. They are not, however, required to itemize their award and show how much

they allow for increased danger from fire, how much for noise, how much for smoke and cinders, how much for broken rest, etc. It is sufficient if,· having fully and fairly considered *all* of the effects of the proposed appropriation, they award a sum in gross sufficient to compensate the owner of the land.

In our opinion the court did not err in its rulings on any of the questions presented.

Judgment is affirmed, with costs.

