Filed Nov. 23, 1893.

———————◆———————

No. 861.

REHMAN *v.* THE NEW ALBANY BELT AND TERMINAL RAILROAD COMPANY ET AL.

PLEA IN ABATEMENT.—*Assessment of Damages.—Instituting Another Suit Pending Writ of Assessment.—Making Additional Defendants.—Railroad.*—During the pendency of a proceeding under a writ of assessment of damages for land appropriated by a railroad company, and for consequential damages, the plaintiff can not, over a plea in abatement, setting forth the pendency of the writ for assessment of damages, prosecute another action involving the same subject matter, and affecting the same party defendant; and the fact that in

Rehman *v.* The New Albany Belt and Terminal Railroad Co. *et al.*

the subsequent action plaintiff makes another party a co-defendant, can avail nothing as against the plea in abatement of the common defendant to both actions, setting up the pendency of the former suit; and the plea in abatement of the co-defendant joined in the subsequent action, setting up the same facts, can not prevail against a demurrer.

ASSESSMENT OF DAMAGES.—*Presumption.*—*Plea in Abatement.*—Whatever damages, present and prospective, that might properly have been assessed in a proceeding under a writ of assessment of damages, will be presumed to have been assessed, and such assessment, unless appealed from, is a final adjudication for such injuries, and the land-owner can not seek any other remedy against the same party or parties defendant, while such proceeding is pending.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*A. Dowling,* for appellees.

Ross, J.—The appellant, by her complaint, seeks to recover damages from the appellees, for injury to her property and business, alleged to have resulted from the building, maintaining, and operating of an elevated railroad along and upon Upper Water street in the city of New Albany. To the complaint, the appellees filed separate pleas in abatement, in which it was alleged that another action against the appellee The New Albany Belt and Terminal Railroad Co. was begun by the appellant prior to the bringing of this action, alleging the same cause of action here declared on, which action was still pending, and for which reason they asked that this action abate. Demurrers to these pleas were filed and overruled, and the appellant replied by a general denial. Upon the issue formed on the pleas in abatement, the cause was submitted to the court for trial, and after hearing the evidence, the court, at the request of the parties, made a special finding of the facts, with conclusions of law thereon. Judgment was rendered on the facts found, in favor of the appellees, abating the action, and the appellant, from that judgment, prosecutes this appeal.

The appellant has assigned, in this court, three errors, the first and second of which call in question the ruling of the court on the demurrers to the pleas in abatement.

A plea in abatement, based upon the pendency of another action, in order to be sufficient as such, must show not only that such other action is for the same cause of action, but also that it is between the same parties. *De Armond* v. *Bohn,* 12 Ind. 607; *Loyd* v. *Reynolds,* 29 Ind. 299; *Dawson* v. *Vaughan,* 42 Ind. 395; *Merritt* v. *Richey,* 100 Ind. 416; *Bryan* v. *Scholl,* 109 Ind. 367.

By the statement, "between the same parties," is not meant that both actions shall be brought by the same plaintiffs against the same defendants only. If the same plaintiffs bring two actions, at different times, upon the same cause of action, the first one instituted being against a single defendant, and the second being against the defendant in the prior action, and also against another joined as a defendant, the action will, so far as the defendant who is a party defendant to both actions, be between the same parties, and the second action as to him, by reason of the pendency of the prior action, may be abated. *Atkinson* v. *State Bank, Assignee, etc.,* 5 Blackf. 84.

We think the answer in abatement of the appellee The New Albany Belt and Terminal Railroad Co. is good, and there was no error in overruling the demurrer thereto. The answer in abatement of the Kentucky and Indiana Bridge Co. is not good, and the court erred in overruling the demurrer to it.

This answer, while it is exactly the same as the one filed by the New Albany Belt and Terminal Railroad Co., and as to that company stated facts sufficient, does not state facts sufficient to abate this action as to said Kentucky and Indiana Bridge Co., for the reason that the facts alleged that no prior action is pending against it for the same

cause of action. There is nothing in its plea to show that any such relation exists between it and its codefendant that an adjudication in the former action, either for or against said New Albany Belt and Terminal Railroad Co., would be an adjudication of its liability in this action. The appellant may have a cause of action, and recover against the appellee The New Albany Belt and Terminal Railroad Co. in the previous action, and yet, while such recovery would be a bar to a recovery against it, in this action, that judgment does not necessarily bar a recovery against said Kentucky and Indiana Bridge Co. in this action.

The facts found by the court are as follows:

*First.* That on the 17th day of November, 1890, the plaintiff, Margaret Rehman, filed her complaint and application for writ of assessment of damages, in the Floyd Circuit Court, in and for the county of Floyd and State of Indiana, claiming and alleging in such complaint and application that she was the owner in fee-simple of real estate in the city of New Albany, Floyd county, Indiana, described as follows: Beginning at the southeast corner of lot number sixteen (16), on Upper Water street, running thence westwardly along the front line of lots sixteen (16) and fifteen (15), one hundred and twenty (120) feet, and extending southwardly between parallel lines of the same width of one hundred and twenty (120) feet, to the bank of the Ohio river at low water mark.

Alleging that the defendant was a railroad corporation engaged in the construction of a steam railroad through a part of the city of New Albany, the line of which is surveyed, laid out and projected, passed over and along the plaintiff's real estate aforesaid.

Alleging that on the first day of August, 1890, and on divers other days between that day and the time of filing such application, the said railroad company entered

upon, fixed, located, and established its line of steam railroad over and upon the real estate of the plaintiff above described, and appropriated to its own use a strip of said real estate fifty (50) feet wide, extending from the east line thereof to the west line thereof, thereby rendering the remainder of said real estate useless and of no value to said plaintiff.

Alleging that the defendant ever since maintained its line of railroad on said real estate, and that it appropriated the same, and wholly excluded the plaintiff from all benefit and use thereof, and that the said strip of land was appropriated by the defendant by virtue of the provisions of section 3907, of the Revised Statutes of the State of Indiana.

Alleging, that the real estate so taken by the defendant is, and was, at the time it was appropriated, of the value of four thousand dollars ($4,000), and that by reason of its appropriation the real estate of the plaintiff had been damaged in the sum of four thousand dollars ($4,000), and that such damages were due and unpaid, and that no damages had ever been assessed, tendered or paid to the plaintiff by the defendant; that in and by said complaint and application the plaintiff prayed the court that a writ of assessment of damages might issue to the sheriff of Floyd county, pursuant to the statute in such cases, and that her damages might be assessed, and that she have judgment therefor.

*Second.* That on the same day a writ of assessment of damages, in due form, was issued out of the said court, sealed with the seal and signed and attested by the clerk of said Floyd Circuit Court, addressed to the sheriff of Floyd county, reciting the facts of the application of the said Margaret Rehman for such writ, and commanding the sheriff to impanel a jury of six disinterested freeholders of the county of Floyd to meet upon the land and

real estate described in the application, and belonging to the said Margaret Rehman, on a day to be fixed by said sheriff, and there to proceed to cause the damages of the said Margarat Rehman to be assessed as provided by law; and further requiring the said sheriff to give ten days' notice to the said New Albany Belt and Terminal Railroad Co., and to the said Margaret Rehman, of the time and place where said jury were to meet to assess the damages above mentioned.

*Third.* That the said sheriff, in pursuance of the command of the said writ, did fix the 29th day of November, 1890, at ten o'clock, A. M., as the time when the jury named in said writ should meet upon the real estate therein described, to assess the damages of the plaintiff; and that the said sheriff gave notice to the said plaintiff and the said defendant of the time and place when and where such assessment would be made, more than ten days before the time fixed for the meeting of said jury; that the said sheriff did, on the day fixed for such assessment, summon a jury of six persons, who were disinterested freeholders of the county of Floyd, and not owning land within one mile of the railroad described in the said application; that the said jury did, on the said 29th day of November, 1890, after being duly sworn and charged by the sheriff, proceed to make an assessment of the damages alleged to have been sustained by the plaintiff, and that they then and there assessed her charges for the real estate taken by the defendant, at the sum of six hundred dollars ($600), and they then and there assessed the damages sustained by the plaintiff by reason of the construction of the defendant's railroad over and along her real estate, at twenty-four hundred and forty dollars ($2440); that the said writ was returned into the circuit court by said sheriff on the first day of December, 1890; that on the 9th day of December, 1890, the de-

fendant company filed its exceptions and objections to the said proceedings, assessment, and return; that on the 26th day of December, 1890, the plaintiff filed her reply thereto, and that the said proceeding is yet pending in the said Floyd Circuit Court.

*Fourth.* That on the 4th day of September, 1891, the said plaintiff, Margaret Rehman, filed her complaint in the Floyd Circuit Court, against the defendants, the New Albany Belt and Terminal Railroad Company, and the Kentucky and Indiana Bridge Company, wherein and whereby she alleges that she, the said plaintiff, owned and occupied as a residence and boarding-house a large dwelling situated on said lot No. 16, on the corner of Upper Fourth and Water streets, in the city of New Albany.

Alleging that said Water street was a public street in the city of New Albany, and had been so for many years, and that there had been no obstruction thereon preventing the free use of the same by the plaintiff, or preventing her, her servants, lodgers, or others from having free view of, and access to, the Ohio river, which is south of the plaintiff's premises.

Alleging that on the 1st of September, 1890, and divers other days between that day and the time of bringing the action, the defendants, against the wishes, and over the opposition of the plaintiff, constructed upon and along East Water street, and near the middle line thereof, a trestle or elevated railroad, built of heavy, rough timbers, laid upon piles driven in the said street, and extending ten feet above the surface of said street, forming an obstruction along the length of said street, and shutting off the view of, and access to, the Ohio river, of the plaintiff, her servants, lodgers, etc.

Alleging that the said trestle and railroad had been maintained by the defendants as a permanent obstruc-

tion to the use of the said street, and that the defendants had been engaged during the hours of the day and night in running thereon locomotives drawing freight cars and trains of cars, which locomotives emitted large quantities of smoke, soot, and sparks, and caused great and unusual noise in passing over said railroad, to the injury and annoyance of the plaintiff.

Alleging that such soot, smoke, and noise penetrated into the house and building of the plaintiff, and interfered with the sleep and rest of the inmates thereof.

Alleging that the defendants threatened to continue and permanently maintain the said railroad and to use the same in the manner and for the purposes herein set forth, to the damage of the plaintiff, praying judgment for one thousand dollars ($1,000) damages, and that the defendants be perpetually enjoined; that on the said 4th day of September, 1891, a writ of summons was issued upon the said complaint by the clerk of the Floyd Circuit Court, for the defendants, the New Albany Belt and Terminal Railroad Company, and the Kentucky and Indiana Bridge Company, requiring them to appear in said Floyd Circuit Court on the second Monday of September, 1891, to answer the said complaint, and that said writ was duly served upon the said defendants at said county on the said 4th day of September, 1891, by the said sheriff.

*Fifth.* That afterwards, on the —— day of September, 1891, the said plaintiff, Margaret Rehman, filed in said Floyd Circuit Court her amended complaint, alleging, in substance, that she was the owner of lot number sixteen (16) on the corner of Upper Fourth and Water streets, in the city of New Albany, Floyd county, Indiana, and that she had been such owner for more than ten years last past; that during all of said time the plaintiff had owned, occupied, and enjoyed, as a residence and boarding-house,

a large dwelling situated upon said lot, near the corner of said Upper Fourth and Water streets; that said Water street was, and for more than fifty years had been, a public street and highway, one hundred feet wide, in the city of New Albany, and that for more than fifty years prior to the filing of said complaint said street had been used by the plaintiff, her grantors, and by the other owners and occupants of said lot sixteen (16), and by her servants, boarders and lodgers, and inhabitants of said city, and the public generally as a public highway and street; that during said time there was no obstruction in said street which prevented the free use thereof, and the passage over and along the entire length and width thereof by the plaintiff and other persons, in going to and from plaintiff's premises and the Ohio river, which lies south of said premises; that there had been, previous to the construction of said railroad, no obstruction in said street, which prevented the plaintiff, her servants, lodgers, etc., from having a free view of the Ohio river, nor was there maintained in said street any trestle, bridge, or other obstruction, over which cars, emitting smoke and cinders, and making great and unusual noises, passed, and that the plaintiff's residence and premises were free from smoke, soot, and bad odors, and the health and comfort of the plaintiff, and other occupants of said house were not interfered with or injured by reason of smoke, cinders, bad odors, and loud and unusual noises during the day or night time, and that, by reason thereof, the plaintiff's lot was of the value of five thousand dollars ($5,000); that on the 1st day of September, 1890, and on divers other days between that day and the beginning of said action, the defendants, against the wishes and over the opposition of the plaintiff, constructed on said East Water street, and near the middle line thereof, a wooden structure called a

trestle or elevated railroad, extending above the surface of the street more than ten feet, forming an immovable obstruction along the entire length of said street, and entirely shutting off the view of, and access to, the Ohio river, of the plaintiff, her servants and lodgers; that the said trestle and railroad were constructed, and had been maintained as a permanent obstruction to the use of said street, and that the defendants had been engaged, and were, at the time of the commencement of the said action, engaged in running thereon locomotives drawing freight cars, and trains of cars, which locomotives emitted large quantities of smoke, soot, and sparks, and caused great and unusual noise in passing over said railroad, to the injury and annoyance of the plaintiff, and to the interruption of the free use of her property; that the said smoke, soot, and noise penetrated her house and building, and interfered with the sleep and rest of the inmates thereof, to the injury of her and their health, and to their discomfort and annoyance; that the defendants threaten and intend to permanently maintain said railroad, and to continue the nuisance and wrongs in which they were engaged, and alleging that such maintenance, and use of said railroad would cause lasting and irreparable damage to the plaintiff and her property to the amount of one thousand dollars ($1,000); that the city authorities of the city of New Albany, although requested, refused to remove such obstruction or abate such nuisance, and praying for judgment against the defendants for one thousand dollars ($1,000) damages, and for a perpetual injunction against the maintenance of said railroad, and the obstruction of said street."

Upon the foregoing facts, the court concluded, first, that at the time of the commencement of the present action, another action between the same parties for the

same cause was pending, and, second, that the action ought to abate.

To the conclusions of law the appellant at the time excepted.

The real controversy to be determined is whether or not, under the writ of assessment of damages, appellant must recover all damages for the property actually taken and for the injury, present and prospective, which the remainder sustains. It is not controverted that the damages sought to be recovered are for injuries to one and the same piece of property.

The statute, sections 881–912, R. S. 1881, provides who may apply for the writ, and the manner in which the proceedings shall be had, and what shall be taken into consideration in assessing the damages. It shall be the duty of the jury summoned, first, to view and assess the value of the land taken; second, to examine the adjacent lands, mansion-house, gardens, or any improvements or appurtenances thereto belonging, and if they are damaged by the construction and operating of the railroad, to assess damages therefor, and, third, to assess any other damages that may be sustained by the property owner.

The statute contemplates the assessment of all damages, not only for the land taken, but for all injury to the remainder of the land which resulted, or might reasonably result, from the appropriation of the part of the land and the proper construction, maintenance, and operation of the railroad thereon. It would be absurd to hold that the uses to which the land taken is to be put, in the running of railway trains and the interference with egress, the inconvenience and annoyance from dirt and smoke, the risk from fire, and exposure of personal property, as well as depreciation in value and income of the rental, and interruption of facilities of business and communication attached to the property, were not in-

juries contemplated by the legislature, and which should be considered in assessing damages. The true purpose of the act is to grant, in one suit, a right to recover all damages, both present and prospective.

"Damages assessed upon the taking of property in the exercise of the power of eminent domain, include prospective as well as present damages, they are an entirety; and all such as will proceed from that cause and be suffered in the future, are presumed to have been anticipated." I Sutherland on Damages, 191.

Judge Redfield, in his work on Railways, section 71, says: "But the appraisers are to assess all the damages, present and prospective, to which the party will ever be entitled, by the prudent construction and operation of the road." And again, in section 74: "So it is settled that the appraisal of land damages is a bar to claims for injuries by fire, from the engines obstructing access to buildings, exposing persons or cattle to injury, and many such risks. And it will make no difference, that the damages were not known to the appraisers, or capable of anticipation at the time of assessing land damages."

"In this class of cases the damages are assessed once for all, and the owner of the land is entitled to compensation for every injury resulting from the appropriation." Eggleston on Damages, section 308.

In Pierce on Railroads, p. 177, it is said: "The final award is a bar to an action for an injury which the appraisers could have legally estimated, irrespective of their action, upon the claim for injury, or even knowledge or ignorance of its existence. They are conclusively presumed to have performed their duty, except in a direct proceeding to set aside the award, or on appeal."

"The presumption is that every injury which, in judgment of law, would result to the other adjacent property of the owner from taking a part of his land for the con-

struction of the road, and from the use of it in a proper manner when constructed, was foreseen by the appraisers, and included in their first estimate. The award made by the statutory tribunal is exhaustive; and the land-owner can not maintain an action for damages which should have been but were not assessed and allowed in that proceeding; even though he claimed them there, and they were erroneously disallowed." 2 Wood's Railway Law, section 256.

The question is not a new one in the courts of last resort in this State, for the Supreme Court has, in many cases, decided that the appraisers are required to consider and to award compensation for all damages of every character which is, or may be, sustained by reason of the appropriation of the land to the uses contemplated.

In the case of *Chicago, etc., R. W. Co.* v. *Hunter*, 128 Ind. 213, the court says: "The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence, or unskillfulness, or from the wrongful act of those engaged in the work, must be assessed. Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all injuries resulting from the appropriation."

That this has been the opinion of the Supreme Court, by an unbroken line of cases from its earliest decisions to the present time, is unquestioned. *Lafayette Plank Road Co.* v. *New Albany, etc., R. R. Co.*, 13 Ind. 90; *White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536; *Grand Rapids, etc., R. R. Co.* v. *Horn*, 41 Ind. 479; *Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229; *Pittsburgh, etc., R. W. Co.* v. *Swinney*, 59 Ind. 100; *Swinney* v. *Ft. Wayne, etc., R. R. Co.*, 59 Ind. 205; *Lafayette,*

etc., *R. R. Co.* v. *Murdock*, 68 Ind. 137; *Indiana, etc., R. W. Co.* v. *Allen*, 100 Ind. 409; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308; *White* v. *Chicago, etc., R. R. Co.*, 122 Ind. 317; *American Cannel Coal Co.* v. *Huntington, etc., R. R. Co.*, 130 Ind. 98.

If the damages sought to be recovered in this action are such as can or could have been assessed in the proceedings for the assessment of damages for the appropriation, this action can not be maintained. Whatever damages might properly have been assessed in those proceedings will be presumed to have been assessed, and such assessment, unless appealed from, is a final adjudication for such injuries. And it is settled in this State that where a railroad company had appropriated the lands of another, and had instituted proceedings to have the damages assessed, such owner could not seek any other remedy while the appropriation proceedings were pending. *Ney* v. *Swinney*, 36 Ind. 454; *Pittsburgh, etc., R. W. Co.* v. *Swinney, Exx.*, 97 Ind. 586; *City of Ft. Wayne* v. *Hamilton*, 132 Ind. 487, 32 N. E. Rep. 324.

If this is true where the proceedings have been instituted by the railroad company, how much more reasonable must it seem when both actions have been instituted by the land-owner himself.

That the injury for which damages are sought in this action necessarily arise from the construction and operation of the railroad of said New Albany Belt and Terminal Railroad Co., and are embraced in the proceedings for a writ of assessment of damages, is clear, and no action therefor could be maintained pending those proceedings.

The judgment is therefore affirmed as to the New Albany Belt and Terminal Railroad Company, and reversed as to the Kentucky and Indiana Bridge Co., with instructions to sustain the demurrer to its plea in abate-

ment, and for further proceedings not inconsistent with this opinion. Costs to be taxed one-half to appellant and one-half to appellee The Kentucky and Indiana Bridge Co.

GAVIN, C. J., absent.

Filed Nov. 7, 1893.