CATHERWOOD *v.* CATHERWOOD ET AL.

[No. 10,383.   Filed June 25, 1920.   Rehearing denied October 7, 1920.   Transfer denied June 2, 1922.]

1. ABATEMENT AND REVIVAL.—*Abatement.—Pendency of Action in Another State.*—The pendency of another action in another state for the same cause between the same parties does not deprive the court in this state of jurisdiction.   p. 337.

2. APPEAL. — *Review. — Invited Error. — Change of Venue.*— Where defendant moved for a change of venue to another county and another court, he could not complain that the latter court could not finish the trial begun by the court granting the change of venue, as the error, if any, was invited by defendant.   p. 338.

3. APPEAL.— *Review.— Change of Venue.— Right of Moving Party to Challenge.*—Where a party obtains a change of venue from one county and is instrumental in carrying the case to another county, he cannot successfully assert that the case is not properly in the circuit court of the latter county, unless he can make it appear that there is no jurisdiction over the subject resident in that tribunal.   p. 338.

4. TRIAL.—*Findings.—Sufficiency.—Admitted Facts.*—In an action for an accounting, where defendant in his answer admitted that repeated demands were made upon him for an accounting, it was not necessary for the court to make a finding that plaintiffs made a demand on defendant before commencing the action.   p. 339.

5. TENANCY IN COMMON.—*Tenant in Possession under Express Trust.—Liability to Cotenants for Rent.*—Tenants in common could maintain an action for rents against a cotenant without showing that he had excluded them from the possession of the lands involved or had received rents from third parties, where the cotenant operated and managed the realty first under an express trust, and thereafter by contract with his cotenants.   p. 339.

6. JUDGMENT.— *Validity.— Judgment Rendered in Vacation.— Extension of Term.*—In an action for partition and an accounting, judgment *held* valid as against the objection that it was rendered in vacation, where the court extended the term as to that cause, to which action the parties consented.   p. 339.

7. APPEAL.—*Questions Reviewable.—Validity of Judgment.—Attacking on Appeal.—Failure to Object Below.*—The objection that the judgment appealed from is a nullity because it was rendered in vacation cannot be made for the first time on appeal.  p. 339.

8. APPEAL.—*Review.—Invited Error.—Separation of Issues.*—In an action for partition and an accounting, where the separation of the issues was occasioned by an injunction procured by defendant in a court in another state, and where the trial of the issues in different courts was because of his own affidavit and motion for change of venue, he cannot complain of the separation of the issues and the trial of the separate issues in different courts, since error, if any, was invited by defendant.  p. 339.

9. APPEAL.— *Review.— Findings.— Conclusiveness.— Absence of Evidence from Record.*—Findings cannot be disturbed for insufficiency of the evidence, where appellant fails to bring the evidence into the record.  p. 340.

From Jasper Circuit Court; *C. W. Hanley,* Judge.

Action by Cornelia Catherwood and others against Robert Catherwood and wife.  From the judgment rendered, the named defendant appeals.  *Affirmed.*

*George A. Williams* and *Charles M. Snyder,* for appellant.

*Chythraus, Healey & Frost, Dyer & Dyer* and *Moses Leopold,* for appellees.

NICHOLS, J.—Appellee, Cornelia H. Catherwood, is the mother of appellant and of appellees Maude H. and Naomi Catherwood Hokanson.  Appellee Nels Hokanson is the husband of appellee Naomi, and is not hereinafter mentioned or referred to, nor is appellee Lucy C. Catherwood, who is the wife of appellant.  All of the parties live in Chicago, Illinois, and lived there during all of the time of the litigation resulting in the judgment appealed from.  Appellant and appellees, Cornelia H., Maude and Naomi, hereinafter mentioned as appellees, owned as tenants in common 840.66 acres of land in Benton county, Indiana.  June 8, 1914, said appel-

lees as such owners, filed their amended complaint in the Benton Circuit Court against appellant and his wife. By the first paragraph they sought partition of said real estate, in the second they set up the history of the title of said land and of the Catherwood family, showing, *inter alia,* the existence of a trust in connection with the land, and asking for an accounting for rents and profits against appellant, charging that appellant had had the control and management of the farm, and had collected the rents and profits therefrom. By this paragraph of complaint it also appears that appellant had started litigation in the circuit court of Cook county, Illinois, which was then pending, by which he sought to enjoin the prosecution of the action in the Benton Circuit Court, the interference in the management of the land, asking for an accounting in the circuit court of Cook county, and the adjudication of his duties and rights as such trustee. The cause was continued from time to time in the Benton Circuit Court. On April 17, 1916, there was filed a certified copy of an order entered on March 8, 1916, in the circuit court of Cook county by which the parties were restrained from prosecuting the action in the Benton Circuit Court, except the bare partition of the Benton county land. October 9, 1916, a supplemental complaint was filed, averring the conveyance by Cornelia and Maude of their interest in the lands to appellant. After answer, the cause was submitted for trial, and the court found that the appellant was the owner of three-fourths in value of the said land, and appellee, Naomi, one-fourth in value thereof, ordered partition thereof, and appointed commissioners for that purpose. At the same time the court made an entry that the matters of accounting between appellee, Naomi, and appellant were not determined, and that the cause was not determined as to accounting, the court retaining jurisdiction as to ac-

counting. On November 10, 1916, the commissioners appointed filed their report of partition which was approved. In connection with such approval, the court ordered that the question of fixing solicitor fees for appellant's solicitors and the question of accounting be continued for further evidence. On January 12, 1917, there was filed a certified copy of the opinion and judgment of the Appellate Court of Illinois, reversing the said judgment of the circuit court of Cook county, restraining the parties from prosecuting the accounting feature of the action pending in the Benton Circuit Court. On May 28, 1917, appellant filed his affidavit and motion in the Benton Circuit Court for change of venue from the county which was sustained, and the venue was changed to the Newton Circuit Court. On October 9, 1917, appellee Cornelia filed her affidavit and motion in the Newton Circuit Court for change of venue, which was sustained, and the venue was changed to the Jasper Circuit Court, in which court divers motions and pleadings were filed, included in which was a motion by appellant to remand the cause to the Benton Circuit Court, which motion was overruled. A trial was had and judgment rendered, from which this appeal is prosecuted.

It appears by the special findings that Allen Thompson Catherwood died testate June 29, 1892, in Vermillion county, Illinois, holding the real estate involved under a written contract of purchase, with a direction in his will that such land should be deeded jointly to his wife Cornelia and his children, the possession and management to remain in his executors until appellant was thirty years of age. Deceased left surviving him his widow Cornelia, and said three children. Appellant was appointed as trustee under said will, November 12, 1900. He was thirty years of age August 7, 1904, at which time appellees entered into an agreement with

him, by which he was to manage and look after the farm involved for six years, which period of management was extended from August 7, 1910, for a period of five years. March 11, 1912, appellant filed his bill in equity against appellees in the circuit court of Cook county at which time all of said parties were residents of said county. Out of this proceeding grew the resulting injunction, and the reversal hereinbefore mentioned. This action was commenced May 5, 1914, and the partition of the land was decreed October 9, 1916, at which time it was found that appellant had purchased the interest of his mother and his sister Maude, and was therefore the owner of three-fourths of said real estate, and his said sister Naomi of one-fourth. The matters of accounting and attorney's fees were not determined at the time said partition was decreed but the court retained jurisdiction as to such matters. There was a report of the commissioners in partition which was approved. From the time of appellant's appointment in November, 1900, to the decree of partition in November, 1916, he managed and looked after the real estate involved. During said time he received in rents and income from said farm the total amount of $109,366.84. The total amount of expense incurred during said time was $23,-155.79. The total amount of money paid to appellee Naomi was $15,830.60. After a full statement of account between the parties, the court found there was due from appellant to appellee the sum of $5,149.47. Upon these findings the courts stated its conclusions of law, (1) Appellee Naomi Catherwood Hokanson was entitled to recover from appellant the sum of $5,149.47; (2) the law is against appellant as to his right to recover $13,857.29, expended by him in the litigation in Cook county, Illinois, which was not instituted for the benefit of the trust estate, and which was not a charge against the same; (3) the law is against the appellant

as to his right to receive $2,400 compensation for his services in the management and operation of the land involved in his appointment as trustee in the Vermillion Circuit Court, March 1, 1911.

Appellant first contends that the Jasper Circuit Court did not have jurisdiction of this cause for the reason, that a similar action was pending between the same parties in the circuit court of Cook county, Illinois. But it has been expressly held to the contrary in the case of *De Armond* v. *Bohn* (1859), 12 Ind. 607. In that case the court says that it is well settled that the pendency of an action in one state cannot be pleaded in abatement in an action between the same parties in the same cause in another state. To the same effect, see *Eaton, etc., R. Co.* v. *Hunt* (1863), 20 Ind. 457; 1 Cyc 36. Finally as to this proposition that we may be certain as to the law, we quote from the case of *Catherwood* v. *Hokanson* (1916), 201 Ill. App. 462, which is the final decision of the Appellate Court in the identical case to which appellant refers. The court in that case says: "While, * * *, the relief prayed for in the Indiana suit involves a determination of the same issues as are raised in the Illinois suit, it is also true that it asks for relief that the petitioners therein are compelled to go to Indiana to get and which appellee would in any event have to go there to oppose. Nor can it be questioned that the matters in litigation here are germane and, under the averments of the petition for partition, incidental to the proceeding there, the primary purpose of which is a partition, or sale if necessary, of the farm in which all the parties to the suit at bar claim an interest from a common source of title, namely, in the will creating the trust. A determination of their respective interests involves a construction of such will. Under its provisions and certain

agreements between the parties for the extension of the trust, appellee has acted as trustee in managing the farm and disbursing the proceeds therefrom. The petition for partition charges that he has misappropriated the proceeds and it seeks not only a partition or sale, as the case may be, but an accounting from him, a lien on his interest in the lands for any deficiency, and a receiver to collect and hold the rents, etc., pending the suit."

Appellant next says that the Benton Circuit Court could not try a part of the action and then grant a change of venue to another county and another court, and thus confer jurisdiction on the other court to finish the trial and render judgment; but it is noted that if there was any error in granting the change of venue from the Benton Circuit Court it was invited by appellant for the motion and affidavit for a change of venue from that court was made by him. It is the law that where a party obtains a change of venue from one county and is instrumental in carrying the case to another county, he cannot successfully assert that the case is not properly in the circuit court of the latter county unless he can make it appear that there is no jurisdiction over the subject resident in that tribunal. *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75. The Jasper Circuit Court is a court of general jurisdiction and as such had jurisdiction over the general class of cases to which this case belongs. Appellant cannot be heard to complain of his own wrong. *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 553, 37 N. E. 343; *Duncan* v. *State* (1908), 171 Ind. 444, 447, 86 N. E. 641; *Pittsburgh, etc., R. Co.* v. *Johnson* (1912), 52 Ind. App. 457, 477, 99 N. E. 508; *Thorne* v. *Cosand* (1903), 160 Ind. 566, 67 N. E. 257. We do not decide the question as to whether a change of venue should have been granted or denied in this case had there been

any objection thereto made at the time of the application therefor by the party in position to make such objection.

Appellant next complains that there is no finding that appellees or any of them made a demand upon him for an accounting before the commencement of the 4. action, but in appellant's answer he admits that repeated demands were made upon him for an accounting and copies a letter into such answer, which contains a threat that unless he does render such an accounting, that suit will be commenced against him. It is not necessary for the court to make a finding as to this matter when it is admitted in appellant's answer. *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917; 38 Cyc 1973.

Appellant next insists that appellees as cotenants cannot maintain an action for rents against him unless it appears that he had excluded them from the possession of the lands involved or had received the rents from third parties, and appellant says that there is no finding of fact that he had excluded appellees from possession or that he received rents from third parties. It appears, however, by the finding of fact that from November 12, 1900, when appellant was appointed as trustee he operated the real estate involved as such trustee until he was thirty years of age on August 7, 1904, and after that date he operated and managed said real estate under successive agreements that were entered into with the appellees. He was therefore not operating and managing the real estate of appellees as his cotenants, but first under an express trust, and thereafter by contract.

Appellant says that the judgment appealed from is a nullity because it was rendered in vacation. An 6-8. examination of the transcript, however, discloses that the cause not being finished "the

present term of the court is hereby prolonged and extended to transact all matters which shall be necessary for the determination of this cause and the present term of this court    *    *    *    is hereby not deemed to be ended until this cause shall be fully disposed of by the court and a further hearing of this cause for the purposes aforesaid is now fixed and set down for Friday, May 17, 1918, to all of which the parties hereto by their respective counsel now in open court fully agree."

Not only did the court below follow the law with reference to such matters, but it took precaution to have the parties consent to its action.    Certainly for the first time on appeal such objection cannot be made.    Appellant says that there is no legal provision in this state for separating the issues in a cause and trying them separately in different courts.    He is not in position to insist upon this objection.    The separation of the issues was occasioned by the injunction which he obtained in the circuit court of Cook county, Illinois.    The trial of the issues in different courts was because of his own affidavit and motion for a change of venue.    As stated hereinbefore he cannot be heard to complain of any error, if such it be, which he has invited himself.

The court found that the Illinois litigation was not for the benefit of the estate and that therefore appellant was not entitled to any allowance for his 9.    expenditures therein.    We have not the evidence before us as it is not in the record, and we are therefore unable to say that the findings are not supported by the evidence.    The court's conclusions of law with reference to these items of expense follow the finding of facts, and we find nothing uncertain, indefinite, inconsistent or ambiguous in the findings, and having read them with care we are fully satisfied that the trial court reached a right result.

The judgment is affirmed.