YOUNG *v.* HERALD ET AL.

[No. 20,042. Filed August 11, 1965. Rehearing denied September 16, 1965. Transfer denied March 10, 1966.]

*Probst & Probst,* of Kendallville, for appellant.

*James J. Jackson,* of *Jackson & Parrish,* of Fort Wayne, for appellees.

HUNTER, J.—Plaintiff-appellant filed suit against appellees in Noble Circuit Court entitling his action "Complaint for Fraud and Neglect of Duty." After a plea in abatement to this action was filed by defendants-appellees the cause was venued to the Elkhart Circuit Court. Thereafter, appellant filed a reply to the plea in abatement in two paragraphs. The trial judge of the Elkhart Circuit Court sustained the demurrer to appellant's second paragraph of reply to the plea in abatement and entered judgment on appellees' plea, thereby abating the action.

Although several questions are presented by the appellant's assignment of error, we will only consider one issue.

Prior to appellant's suit herein, two residents of the State of Michigan, Lawrence and Julia Tessari, instituted a class action under diversity jurisdiction in the United States District Court for the Northern District of Indiana, Fort Wayne Division. The complaint named the Tessaris "and all other shareholders of the Noble County Credit Union of Noble County, Indiana," as plaintiffs. Included in the Federal court suit as parties defendants were Howard C. Herald, Earl Ott, Elmer Dressler and Max A. Wolff, who are named as defendants in this cause.

Appellees' plea in abatement recited that the prior suit in the U. S. District Court had been filed naming the same parties as defendants as named in the instant suit; that the prior suit alleged in substance the same cause of action as herein; that the plaintiff herein is an unnamed member of the class in the prior suit; and that the prior cause of action was still pending in the Federal court. Appellant's reply stated one paragraph of no information and a second paragraph alleging that the Federal court would not have jurisdiction over the appellant and he could not therefore become a party to that suit. Although the sustaining of the demurrer to this second paragraph is assigned as error, we deem it unnecessary to consider that question because of the ob-

vious error of the trial court in sustaining the plea in abatement.

The Supreme Court of Indiana has recognized the rule that

> ". . . an unnamed member of the class is a party to the suit from the beginning, in the sense that he cannot file a separate suit based upon the subject-matter of the class action." *City of Hobart* v. *Baum et al.* (1956), 237 Ind. 316, 318, 145 N. E. 2d 573.

This rule is consistent with the import of Burns' § 2-220, Acts 1881 (Spec. Sess.), ch. 38, § 21, p. 240; 1959, ch. 14, § 1, p. 31, which allows a class action to be brought under certain circumstances. Thus the pendency of a prior identical class action involving the same parties generally constitutes proper grounds for abatement of a later similar action. However, there is an important exception to this general rule.

The Supreme Court of Indiana early recognized:

> ". . . that a plea showing the pendency of another suit between the same parties, in a court of competent jurisdiction, *of the same sovereignty,* and concerning the same matter, is good in abatement, . . ." *Loyd* v. *Reynolds and Others* (1868), 29 Ind. 299, 300. (our emphasis)

This case did not specifically hold that a plea in abatement is not good in a state court proceedings when such plea is based upon the fact that there is pending a similar action involving the same parties in the Federal court. However, after stating the above rule, *Loyd, supra,* held that an answer in abatement alleging the pendency of a prior, similar suit in the Federal chancery court was insufficient. The reason given in that case for such holding was that the plaintiff in the later suit in the state court was not a party to the prior case. Be that as it may, the rule of *Loyd* v. *Reynolds and Others, supra,* has been cited with approval in later decisions, e.g., *State ex rel. Dept. of Fin. Ins.* v. *Sonntag* (1935), 101 Ind. App. 557, 570, 195 N. E. 601 and *Miller,*

*etc.* v. *Ortman-Miller Mach. Co., Inc.* (1954), 124 Ind. App. 290, 292, 117 N. E. 2d 558.

The general rule concerning the question of whether a prior suit in the Federal court is a bar to a later suit in a state court is as follows:

"The pendency of a prior suit in the Federal court is not generally a bar to a suit in the state court by the same plaintiff against the same defendant and for the same cause of action, unless the action in the Federal court is one that has been removed from the state court." 1 Am. Jur., *Abatement and Revival,* § 40, p. 45.

The obvious reason that is given for such a rule is that each court is of a separate sovereignty and may therefore proceed in its own way without reference to proceedings in the other court. 1 Am. Jur., *supra.* We have not been referred to any decisions to the contrary. However, we have discovered some decisions to the contrary, but the great weight of authority follows the above rule. See 56 A. L. R. 2d 335, § 2. There are limitations to this rule: for example, where one court acquires dominion over specific property, the later action should be stayed. 1 Am. Jur., *supra.* Also, as a matter of comity and discretion, in a proper case the state court may stay its proceedings pending the outcome of the Federal litigation. 56 A. L. R. 2d, *supra.* There was no request for a stay herein; nor was the Federal suit one that had been removed from the state court.

It has been specifically held in Indiana that

". . . the pendency of an action in one state cannot be pleaded in abatement in an action between the same parties in the same cause in another state." *Catherwood* v. *Catherwood* (1920), 78 Ind. App. 332, 337, 127 N. E. 816.

See also *Sterling Fire Ins. Co.* v. *Comision Reguladora* (1924), 195 Ind. 29, 143 N. E. 2d and *DeArmond and Others* v. *Bohn and Others* (1859), 12 Ind. 607. This rule is consistent with the general rule stated in *Loyd, supra,* providing that the two causes must exist in "the same

sovereignty" in order that the first action be a bar to the latter. We subscribe to the principle that the Federal and the state courts are of different "sovereigns" and although their jurisdiction in many causes may exist concurrently, each may ordinarily proceed separately. There, of course, exists a possibility that the Federal court may protect its jurisdiction in certain cases by enjoining a later action of the same nature being brought in the state court. Also, the doctrine of res judicata would offer protection to a defendant from identical multiple judgments. *Sterling Fire Ins. Co.* v. *Comision Reguladora, supra.*

Therefore, we must hold that the decision of the trial court is contrary to law in that the trial court erred in sustaining appellees' plea in abatement to appellant's complaint. The judgment of the trial court is therefore reversed with instructions to overrule the plea in abatement.

Judgment reversed.

Bierly, C. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 209 N. E. 2d 525.