DREXEL BURNHAM LAMBERT, INCORPORATED and Moseley, Hallgarten, Estabrook & Weeden, Inc., Appellants (Defendants Below)

v.

MERCHANTS INVESTMENT COUNSELING, INC., and Merchants National Bank & Trust Company of Indianapolis, Appellees (Plaintiffs Below).

No. 1–483A112.

Court of Appeals of Indiana, First District.

July 11, 1983.

p.c., Shearman & Sterling, New York City, Kent M. Frandsen, Parr, Richey, Obremskey & Morton, Lebanon, for appellants.

James A. McDermott, Anne N. DePrez, Barnes & Thornburg, Indianapolis, Thomas A. Whitsitt, Peyton, Giddings, Whitsitt, Baker & McClure, Lebanon, for appellees.

ROBERTSON, Presiding Judge.

Drexel Burnham Lambert, Incorporated (Drexel) and Moseley, Hallgarten, Estabrook, & Weeden, Inc. (Moseley), bring an interlocutory appeal challenging the trial court's denial of their motion to dismiss in a securities claim initiated by Merchants Investment Counseling, Inc. (Merchants Investment) and Merchants National Bank and Trust Company of Indianapolis (Merchants Bank).

We affirm.

Merchants Bank and Merchants Investment filed a complaint seeking to recover $798,875, which they paid for 83,000 shares of stock in Flight Transportation Corporation (FTC) that were purchased from Drexel and Moseley. Drexel and Moseley acted as lead underwriters in the public offering of the FTC stock. Merchants Bank and Merchants Investment sought this amount pursuant to section 11 of the Securities Act of 1933, 15 U.S.C. § 77k and Ind.Code § 23–2–1–19. Drexel and Moseley moved to dismiss the complaint or in the alternative, to stay the Indiana proceedings on the theory of *forum non conveniens*.

On June 3 and June 4, 1982, the Securities and Exchange Commission (SEC) declared effective two Registration Statements filed by FTC for 715,000 shares of common stock and 25,000 units of securities consisting of debentures and warrants to purchase FTC common stock. Merchants Bank and Merchants Investment purchased 5000 shares from Moseley and 75,000 from Drexel, as well as 3000 shares from Thompson, McKinnon Securities, Inc., which has not been named as a defendant.

The SEC suspended trading in FTC's shares on June 18, 1982, and sought injunctive relief against FTC, two subsidiaries of

Phillip A. Terry, Roger D. Erwin, McHale, Cook & Welch, p.c., Indianapolis, Kenneth E. Meister, Cahill, Gordon & Reindel,

FTC, and its chairman in the United States District Court for the District of Minnesota. The SEC alleged that FTC had violated numerous federal securities provisions regarding the offering.

Drexel and Moseley initiated a class action against FTC in United States District Court for the District of Minnesota. The class consists of purchasers of the offering and Merchants Bank and Merchants Investment are potential members of the class. Approximately thirty actions against FTC, alleging violations of federal and state securities laws, have been filed. On November 2, 1982, the Judicial Panel for Multistate Litigation granted the motion of Drexel and Moseley to coordinate and consolidate the pretrial proceedings in the District Court in Minnesota. A documentary depository has been established there to facilitate discovery.

Merchants Bank and Merchants Investment filed their complaint on January 7, 1983, alleging violations of section 11 of the Securities Act of 1933 and I.C. 23–2–1–19. Drexel and Moseley filed a motion to dismiss, or in the alternative, to stay the proceedings pending the litigation in Minnesota. The motion was based upon the theory of *forum non conveniens*. Their argument is simply that Minnesota is better suited to handle the litigation and the litigation in Indiana would be duplicative. The trial court denied this motion.

Jurisdiction of claims of section 11 of the Securities Act of 1933 is governed by 15 U.S.C. § 77v. This section provides:

(a) The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 1254, 1291, and 1292 of Title 28. *No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.* No costs shall be assessed for or against the Commission in any proceeding under this subchapter brought by or against it in the Supreme Court or such other courts. (Emphasis added).

Drexel and Moseley do not contest that Indiana has jurisdiction to entertain this action, however, they do challenge the propriety of entertaining the action.

■ The doctrine of *forum non conveniens* permits an action to be litigated in another jurisdiction upon a showing that litigation in the initiating forum is so inconvenient to the parties and witnesses that substantial injustice is likely to result. Transfer does not result as a matter of right, but is addressed to the discretion of the trial court. Appellate review is limited to whether the trial court abused its discretion. *Duncan v. Rogers,* (1983) Ind.App., 444 N.E.2d 1255.

■ Drexel and Moseley argue the trial court's decision should be reversed because most non-party witnesses reside in Minnesota, the action in Minnesota was filed prior to this action, potential third party defendants reside in Minnesota, a documentary depository is established in Minnesota, the federal courts have more experience in securities claims, this action will be costly and duplicative of the federal action, dismissal will avoid piecemeal litigation, and that the action is not local in nature. These factors would certainly have justified the trial court's granting of Drexel and Moseley's motion. However, the trial court denied the motion and review is limited to whether the trial court abused its discretion. An abuse of discretion occurs

only when the trial court reaches a conclusion against logic and the natural inferences to be drawn therefrom. *Killearn Properties, Inc. v. Lambright,* (1978) 176 Ind.App. 684, 377 N.E.2d 417. In reviewing discretionary motions, we shall affirm if there is any rational basis for the trial court's action. *Clark v. Clark,* (1980) Ind.App., 404 N.E.2d 23.

With this standard of review before us, we remain unpersuaded that the trial court abused its discretion. The plaintiffs are Indiana corporations and the claim involves I.C. 23–2–1–19 as well as the federal claim. Neither Drexel nor Moseley is a Minnesota corporation. Neither Merchants Bank nor Merchants Investment has consented to the class actions on their behalf. While the District Court has ordered a constructive trust on FTC's accounts, the trust is insufficient to return to each investor the price of the shares.[1] Furthermore, the discovery concerning Drexel and Moseley will occur in their principal places of business, New York or Boston. Although we may not have reached the trial court's conclusion regarding this motion, we cannot conclude that its decision was without a rational basis.

Review of a motion to stay is also limited to whether the trial court has abused its discretion. *Young v. Herald,* (1965) 138 Ind.App. 454, 209 N.E.2d 525. Drexel and Moseley have forwarded many good reasons for the trial court to have granted the motion to stay. Merchants Bank and Merchants Investment have also demonstrated that Indiana has a substantial interest in the outcome of the litigation. We cannot conclude the trial court abused its discretion.

The judgment is affirmed.

RATLIFF and NEAL, JJ., concur.

---

1. The constructive trust has 95% of the amount invested.