**In re the Matter of A.D., Minor Child.**

**Child Advocates, Inc., Appellant–Guardian ad Litem,**

v.

**Renee Clark and Jose Delarosa, Appellees–Respondents.**

**No. 49A02–0006–JV–378.**

Court of Appeals of Indiana.

Nov. 14, 2000.

---

Loretta A. Oleksy, Child Advocates, Inc., Indianapolis, Indiana, Attorney for Appellant.

Kelly Myhls, Marion County Office Of Family And Children, Katherine A. Cornelius, Marion County Public Defenders Office, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE [1]

Appellant–Guardian ad Litem (GAL), Child Advocates, Inc., appeals the trial court's grant of Appellee Respondent, Renee Clark's (Clark) Motion to Stay Termination Pending Adoption Hearing.

We affirm.

### ISSUE

The GAL presents one issue on appeal, which we restate as follows: whether the trial court erred in granting Clark's motion to stay proceedings.

### FACTS AND PROCEDURAL HISTORY

Clark is the mother of A.D. and Jose Delarosa (Delarosa) is A.D.'s father. On November 17, 1998, the Appellee–Petitioner, Marion County Office of Family and Children (MCOFC), filed a Petition for Involuntary Termination of the Parent Child Relationship between Clark, Delarosa and A.D. A.D. was removed from his

---

1. We hereby deny the following motions filed by Clark and Delarosa in this matter: Appellees' Motion to Reconsider Permitting the Supplementation of the Record for Purposes of Appeal; Appellees' Motion to Strike the Brief of Marion County Office of Family and Children and to Dismiss them as Parties to the Appeal; and Appellees' Motion to Dismiss the Guardian Ad Litem as a Party to this Appeal.

birth parents home six (6) months prior to the filing of this Petition. In August 1998, A.D. was placed in the home of his foster parents, Intervenors, Steven and Brenda Snyder (the Snyders). On December 15, 1998, this case was transferred from the Marion County Juvenile Court to the Marion County Probate Court on a motion for change of judge.

Thereafter, this case was first set for trial on September 9, 1999. However, this date was continued on a joint motion filed by MCOFC and Clark. Neither the GAL nor Delarosa objected to this motion. Trial was rescheduled for January 31, 2000, but due to the failure of Clark, Delarosa, and Delarosa's counsel to appear on that date, the matter was rescheduled to March 17, 2000. The trial court noted no objection to this continuance from either MCOFC or the GAL. (R. 55). On February 11, 2000, Delarosa's counsel filed a motion to withdraw, and on March 7, 2000, Delarosa's new counsel requested a continuance of the March 17, 2000 trial date. The GAL had no objection to this motion. Finally, the trial was rescheduled for May 24, 2000.

On May 16, 2000, Clark filed a Motion to Stay Termination Pending Adoption Hearing, and this motion was granted that same day. Under a separate cause number, the Snyders have filed an adoption petition for A.D. to which Clark and Delarosa have consented. Clark's motion requested a stay of the termination proceedings pending the outcome of the adoption proceedings concerning A.D.

Subsequently, on May 19, 2000, the GAL and MCOFC filed a joint motion requesting relief from the stay and requesting a trial date. This motion was denied by the trial court. On June 6, 2000, the trial court certified this matter for interlocutory appeal. Thereafter, on June 14, 2000, the

Snyders filed a Petition to Intervene, which was granted for the limited purpose of addressing issues certified for interlocutory appeal.[2] This court accepted jurisdiction of this interlocutory appeal on June 23, 2000.

### DISCUSSION AND DECISION

██ The GAL asserts that the trial court erred in granting Clark's motion to stay the termination proceedings. In reviewing a motion to stay proceedings, we apply an abuse of discretion standard of review. *Drexel Burnham Lambert, Inc. v. Merchants Inv. Counseling, Inc.*, 451 N.E.2d 346, 349 (Ind.Ct.App.1983). Here, the GAL specifically contends that in granting Clark's motion, the trial court violated Ind.Code § 31–35–2–6, which states: "Whenever a hearing is requested under this chapter [termination of parent child relationship], the court shall commence a hearing on the petition not more than ninety (90) days after a petition is filed under this chapter." The GAL asserts that the trial court's Order conflicts with the policy behind this statute and with established public policy in the State of Indiana.

██ The Petition for Involuntary Termination was filed by MCOFC on November 17, 1998, and this case was first set for a bench trial on September 9, 1999. However, this matter was continued three times and was finally rescheduled for trial on May 24, 2000. Neither the GAL nor MCOFC objected to any of the continuances, and MCOFC joined in the first motion for continuance. It was not until after the trial court granted Clark's Motion to Stay Termination Pending Adoption Hearing, that the GAL and MCOFC objected to continuance of this matter. Thus, any error in failing to schedule the hearing with-

**2.** Since the Snyders were allowed to intervene in this matter by the trial court before this court accepted jurisdiction, they are a party to this action; however, in light of our decision here, we find it unnecessary to further address the Snyders' pending request for

relief entitled "Interveners' [sic] Response to Objection of Marion County Office of Family and Children" and the GAL's response thereto, entitled "Objection to Intervenor's Response to Objection of Marion County Office of Family and Children."

in the time limit set forth in the statute was invited by the Appellant. " 'A party may not take advantage of an error which he commits, invites, or which is the natural consequence of his own neglect or misconduct.' *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind.Ct.App.1989). 'Invited error is not subject to review by this court.' *Id.*" *Ad Craft, Inc. v. Area Plan Com'n of Evansville and Vanderburgh County*, 716 N.E.2d 6, 19 (Ind.Ct.App.1999), *reh'g denied.* Therefore, the GAL has waived this issue for appellate review.[3]

▪ Waiver notwithstanding, we conclude that the trial court properly granted Clark's motion to stay. The GAL argues that the trial court granted an indefinite stay in this case. However, the trial court did not grant an indefinite stay, rather the trial court stayed the proceedings in this matter only until a hearing is held on the Snyders' pending adoption petition for A.D. Thus, this stay is not indefinite and this matter will proceed once a hearing is held on the adoption petition. Further, it is in the interest of judicial economy to stay these proceedings until the adoption hearing is completed. If the trial court grants the Snyders' adoption petition, then a hearing on the termination petition will no longer be necessary.[4] Consequently, it is the best use of judicial resources to hold the hearing on the Snyders' adoption petition first. If the trial court denies the Snyders' adoption petition, then the trial court can immediately schedule a hearing on the termination petition.

The GAL also argues that public policy of this State recognizes that the needs of children should be paramount and that the General Assembly intended to place a high priority on placing children in safe and permanent homes. We agree and certainly that is one of the reasons why this court expedites cases involving children. However, this public policy is not thwarted by the trial court's actions here. In this case, by hearing the adoption petition first, the trial court is taking the most expeditious approach to addressing all issues related to this child and to determining what is in the best interest of this child.

### CONCLUSION

Based on the foregoing, we affirm the trial court's grant of Clark's motion to stay the termination proceedings until a hearing is held on the Snyders' pending adoption petition.

Affirmed.

BARNES and BAILEY, JJ., concur.

---

3. Because this issue has been waived, we need not address whether the requirement in Ind.Code § 31–35–2–6 to hold a hearing within ninety (90) days after a petition for termination is filed is mandatory or merely directive.

4. We acknowledge that both the GAL and MCOFC object to the adoption of A.D. by the Snyders, and that the MCOFC has withheld its consent to this adoption. However, MCOFC's refusal to consent does not necessarily seal the fate of this petition. The petition for adoption may be granted over MCOFC's refusal to consent if it is shown that MCOFC is not acting in A.D.'s best interest in withholding consent. *Matter of Adoption of L.C.*, 650 N.E.2d 726, 730 (Ind.Ct.App.1995); *see also Stout v. Tippecanoe County Dept. of Public Welfare*, 395 N.E.2d 444, 451, 182 Ind. App. 404 (1979).