# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JIM BRUGH**
Logansport, Indiana

ATTORNEY FOR APPELLEES:

**ANDREW B. MILLER**
Starr Austen & Miller, LLP
Logansport, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LOREN H. FRY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 09A02-1206-CT-474 |
| | ) |
| TERRY L. SCHRODER and | ) |
| ROBERT C. SCHRODER, | ) |
| Individually and as beneficiaries and personal | ) |
| representatives of the Estate of | ) |
| David H. Schroder, | ) |
| | ) |
| Appellees-Plaintiffs. | ) |

INTERLOCUTORY APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Douglas A. Tate, Special Judge
Cause No. 09D02-1109-CT-19

**February 28, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Loren H. Fry ("Fry") interlocutorily appeals the trial court's order denying his motion to stay the civil proceeding brought against him by Terry L. Schroder and Robert C. Schroder (collectively "the Schroders"), individually and as beneficiaries and personal representatives of the Estate of David H. Schroder. Fry raises the following restated issue for our review: whether the trial court abused its discretion when it denied his motion to stay the civil proceeding pending resolution of the criminal action against him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Fry is a resident of Cass County, Indiana and owns real property in Cass County. On September 23, 2011, the State of Indiana filed its information for murder against Fry and alleged that Fry killed his neighbor, David H. Schroder ("David"), on September 20, 2011. On September 27, 2011, the Schroders filed a civil complaint against Fry, alleging that Fry intentionally inflicted emotional distress on David, intentionally caused harm to David by shooting him, and caused the wrongful death of David. *Appellant's App*. at 7-12. The Schroders also moved for an injunction to prevent Fry from transferring or encumbering his real property to preserve the property for availability to be used to pay damages to the Schroders and filed a *lis pendens* notice against Fry's land, which was later ordered stricken from the clerk's records.

On October 7, 2011, the Schroders served a request for admissions and interrogatories upon Fry at the Cass County Jail. Fry filed an objection to the request for admission and a motion to stay discovery in the civil proceeding until "the threat of the criminal prosecution of [Fry] passed." *Id*. at 21. After the Schroders filed a response, the

2

trial court issued an order, on March 21, 2012, temporarily staying the discovery related to Counts I, II, and III of the Schroders' complaint, which were the intentional infliction of emotional distress, intentional battery, and wrongful death claims. On May 1, 2012, the trial court issued an order denying Fry's motion to stay the civil proceeding pending the resolution of his criminal case. In denying Fry's motion, the trial court concluded that the Schroders' interest in an expeditious resolution of the civil case outweighed the burden on Fry to choose between responding to the civil allegations or his right against self-incrimination. *Id*. at 91-92. In its order, the trial court also determined that there was no legal basis at that time to enter a preliminary injunction with respect to Fry's real property and dismissed Count IV of the Schroders' complaint. *Id*. at 4, 90. The trial court noted, in its order, that "should any of the factors which form the basis for this stay change the court will consider reversing this position." *Id*. at 92. Fry now files this interlocutory appeal.

## DISCUSSION AND DECISION

We review a trial court's denial of a motion to stay under an abuse of discretion standard. *In re Stephen L. Chapman Irrevocable Trust Agreement*, 953 N.E.2d 573, 577 (Ind. Ct. App. 2011) (citing *Hilliard v. Jacobs*, 927 N.E.2d 393, 403 (Ind. Ct. App. 2010), *trans. denied*), *trans. denied*. An abuse of discretion is found only when the trial court's action is clearly erroneous, against the logic and effect of the facts before it and the inferences which may be drawn from it. *In re A.K.*, 755 N.E.2d 1090, 1098 (Ind. Ct. App. 2001). In reviewing discretionary motions, we will affirm the trial court's ruling if *any* evidence supports the trial court's decision or if there is any rational basis for the trial

court's action. *Baker Mach., Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 821 (Ind. Ct. App. 2008) (emphasis added), *trans. denied*; *Drexel Burnham Lambert, Inc. v. Merchs. Inv. Counseling, Inc.*, 451 N.E.2d 346, 349 (Ind. Ct. App. 1983).

Fry argues that the trial court abused its discretion when it denied his motion to stay the civil proceeding against him pending the resolution in his criminal case. He contends that, although the United States Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings, when proceedings arising from the same transactions or conduct are pending simultaneously, a trial court must consider several factors to determine on a case-by-case basis whether a stay is warranted. Fry asserts that, in the present case, a review of these factors show that the trial court did not properly consider and fully apply the factors because the stay was necessary to protect his Fifth Amendment privilege against self-incrimination.

While a trial court has the inherent power to stay its proceedings, the United States Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003). However, a trial court may use its discretion to determine whether to stay civil proceedings when the "interests of justice" require such action. *Id*. at 450-51. "The ultimate question, therefore, is "whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Id*. at 451 (internal quotation marks and citation omitted).

4

In deciding whether to stay civil proceedings where a similar criminal action is brought before the completion of the civil proceedings, a court may consider a variety of factors. *Id*. They include: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in pending civil and criminal litigation. *Id*.

In the present case, the trial court considered these same five factors in making its decision to deny Fry's motion to stay the civil proceeding. In its order denying the motion, the trial court found that "[t]he public's interest lies with the argument that there should be swift administration of justice and that a stay will interfere with that interest." *Appellant's App*. at 90. It also found that the Schroders have a "significant interest in the expeditious resolution of the civil proceedings" and that if a stay was imposed, the Schroders had a legitimate concern that Fry's assets may be depleted before the civil case could be completed. *Id*. The trial court found that the Schroders had no control over whether Fry would ever be brought to trial on the criminal charge and, if the stay was granted, they would have to "succumb to the schedule dictated by the State's prosecution of [Fry]." *Id*. at 91. It also found that, because both actions "arise out of essentially the same set of facts, absent the stay, [Fry] will likely be faced with the decision to either invoke his Fifth Amendment right against incrimination in the civil case or risk the use of any statement against him in the criminal prosecution." *Id*. It did note, however, that

5

trial courts may use their discretion to issue protective orders, when interests of justice require, in order to alleviate the inevitable consequences imposed upon a defendant without a stay in place. *Id*. The trial court further found that "it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case and risk the negative inference permitted in that situation, or answering questions in the civil context and risking the potential negative effects on the criminal prosecution." *Id*. In denying Fry's motion, the trial court concluded that the Schroders' interest in an expeditious resolution of the civil case outweighed the burden on Fry to choose between responding to the civil allegations or his right against self-incrimination. *Id*. at 91-92.

The evidence presented showed that, as to Fry's criminal proceeding, he had not invoked his right to a speedy trial, and a trial date had not yet been set at the time of the hearing on his motion to stay the civil proceeding. The criminal proceeding, at the time of the hearing, was subject to an interlocutory appeal in the Indiana Supreme Court concerning the setting of bail, which was still pending with no decision. Regarding the depletion of Fry's assets, the Schroders had taken several different actions to prevent Fry from depleting his assets, all of which Fry vigorously opposed. Because Fry is not willing to agree to any restrictions upon his real property, a stay would increase the likelihood or at least allow more opportunity to dissipate assets, which would deprive the Schroders of the means to satisfy any potential civil judgment. In his motion to stay the proceeding, Fry requested a stay of all discovery in the civil proceeding until the criminal action is concluded. Prior to the hearing, Fry had prevented the Schroders from conducting any substantive discovery, and an indefinite stay would increase the danger

6

that critical evidence may be lost due to witnesses not being able to recall facts, becoming unavailable, or dying and of records or document disappearing.

Based on our standard of review, and after reviewing the evidence presented and the trial court's consideration of the factors, we conclude that the trial court did not abuse its discretion when it denied Fry's motion to stay the civil proceeding pending the resolution of his criminal proceeding. We find this especially true considering the statement by the trial court that "should any of the factors which form the basis for this stay change the court will consider reversing the position." *Appellant's App*. at 92. We reiterate this and note that nothing in our determination in this case prevents the trial court from revisiting its order or either party from seeking further action regarding the *lis pendens* action or the stay pending future developments.

Affirmed.

MATHIAS, J., and CRONE, J., concur.