# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEY FOR APPELLEE:

**EDWARD W. HEARN**
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH D. HARDIMAN and JAKETA L. PATTERSON, as Co-Administrators of the Estate of BRITNEY R. MEUX, Deceased, | ) ) ) ) ) |
| Appellants-Plaintiffs/Cross-Appellees, | ) ) |
| vs. | ) No. 45A03-1210-CT-437 |
| JASON R. COZMANOFF, | ) ) ) |
| Appellee-Defendant/Cross-Appellant. | ) |

INTERLOCUTORY APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Kavadias Schneider, Special Judge
Cause No. 45D11-1209-CT-214

**May 23, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Britney R. Meux was hit by a car while she was jogging. She subsequently died from her injuries. The State charged the alleged driver of the vehicle, Jason R. Cozmanoff, with thirteen crimes including class C felony reckless homicide. Joseph E. Hardiman and Jaketa L. Patterson, as co-administrators of Meux's estate ("the Estate"), filed a civil wrongful-death complaint against Cozmanoff. Rather than filing an answer to the civil complaint or responding to the initial discovery requests, Cozmanoff filed a motion to stay all civil proceedings pending resolution of his criminal case. Cozmanoff asserted that a stay of proceedings was necessary to protect his Fifth Amendment privilege against self-incrimination. Following a hearing, the trial court entered an order granting a stay of discovery with respect to Cozmanoff but also ordered Cozmanoff to file an answer to the complaint within thirty days. Both parties requested certification for interlocutory appeal.

On appeal, the Estate asserts that the trial court abused its discretion in staying all discovery with respect to Cozmanoff. On cross-appeal, Cozmanoff asserts that the trial court abused its discretion in failing to stay the civil proceedings in their entirety by ordering him to file an answer to the complaint. Concluding that the trial court abused its discretion in staying discovery but did not abuse its discretion in ordering Cozmanoff to file an answer to the complaint, we affirm in part, reverse in part, and remand.

**Facts and Procedural History**

On March 6, 2012, Meux, a correctional officer with the Lake County Sheriff's Department, was jogging with three fellow officers along 93rd Avenue in Crown Point when

2

she was struck by a car. The driver of the car allegedly fled the scene. Meux was critically injured and subsequently died from her injuries. On March 9, 2012, the State charged the alleged driver of the car, Cozmanoff, with thirteen counts, including one count of class C felony reckless homicide and three counts of class D felony criminal recklessness resulting in serious bodily injury. Thereafter, on March 22, 2012, the Estate filed a civil suit for wrongful death against Cozmanoff alleging that Cozmanoff negligently operated the vehicle that struck Meux, and then fled the scene. On April 27, 2012, the Estate served Cozmanoff with its first set of interrogatories and requests for production. The Estate also contacted defense counsel to inquire about taking Cozmanoff's deposition.

On May 29, 2012, Cozmanoff filed a motion to stay all proceedings pending resolution of his criminal case. Specifically, Cozmanoff argued that responding to the complaint, providing answers to interrogatories, or answering deposition questions would violate his Fifth Amendment "right not to testify against himself in both his criminal and civil proceedings." Appellant's App. at 17. He further argued that even if he were to invoke his Fifth Amendment privilege against self-incrimination regarding only certain questions or allegations, he would be prejudiced due to certain inferences that "can be ascertained by his choice of which allegations and questions he would choose to respond to or answer and which he would not." *Id.* The Estate filed its response in opposition to the stay arguing that Cozmanoff, as a defendant in a civil proceeding, may refuse to answer certain questions by asserting his Fifth Amendment privilege but that a stay is inappropriate and would cause prejudice to the Estate. Following a hearing on July 17, 2012, the trial court entered an order

3

staying all discovery with respect to Cozmanoff but also ordered him to file a responsive pleading to the complaint within thirty days of the order.[1]

On August 16, 2012, Cozmanoff requested the trial court to certify for interlocutory appeal that portion of its order requiring him to file a responsive pleading to the complaint. The Estate responded with a belated cross-motion to certify that portion of the order staying all discovery with respect to Cozmanoff. Concluding that both motions for interlocutory appeal involved substantial questions of law that relate to constitutional rights, the trial court granted both motions for certification. This interlocutory appeal and cross-appeal followed.

**Discussion and Decision**

*I. Motion for Stay*

We first address the Estate's appeal of the trial court's decision to stay all discovery with respect to Cozmanoff pending the outcome of his criminal proceeding. We review the trial court's grant or denial of a motion to stay pursuant to an abuse of discretion standard. *In re A.D.*, 737 N.E.2d 1214, 1216 (Ind. Ct. App. 2000). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Alsheik v. Guerrero*, 979 N.E.2d 151, 155 (Ind. 2012). In reviewing a trial court's ruling on a discretionary motion such as the one at issue here, we will affirm if there is any rational basis for the trial court's action. *Drexel Burnham Lambert, Inc. v. Merchs. Inv. Counseling, Inc.*, 451 N.E.2d 346, 349 (Ind. Ct. App. 1983).

---

[1] We note that the motion for stay was granted by a different Lake County trial judge prior to the Honorable Diane Kavadias Schneider assuming jurisdiction as Special Judge on August 30, 2012.

4

Cozmanoff's motion to stay was based upon his assertion that allowing his civil case to proceed while his criminal case is pending violates his Fifth Amendment privilege against self-incrimination.[2] The Fifth Amendment to the United States Constitution provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself." The Indiana Constitution makes the same fundamental guarantee by providing that "[n]o person, in any criminal prosecution, shall be compelled to testify against himself." IND. CONST. art. 1 § 14. The privilege against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). However, it is well settled that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). In other words, although the refusal to testify in a civil case cannot be used against one asserting the privilege in a subsequent criminal proceeding, the privilege against self-incrimination does not prohibit the trier of fact in a civil case from drawing adverse inferences from a witness's refusal to testify. *Gash v. Kohm*, 476 N.E.2d 910, 913 (Ind. Ct. App. 1985), *trans. denied*.

---

[2] Although Cozmanoff requested a stay of "all civil proceedings" pending resolution of his criminal case based upon his Fifth Amendment privilege against self-incrimination, the trial court entered an order staying "discovery" with respect to Cozmanoff coupled with a seemingly conflicting additional order for Cozmanoff to file an answer to the complaint. Appellant's App. at 5, 16.

The Estate argues that the trial court abused its discretion in staying all discovery with respect to Cozmanoff based merely upon his general assertion that a stay is constitutionally mandated to protect his Fifth Amendment privilege against self-incrimination. Specifically, the Estate contends that a stay of civil proceedings pending the outcome of criminal proceedings is not constitutionally mandated and that before a court can exercise its discretion in determining whether a stay is required in the interests of justice, the court should consider several relevant factors regarding the propriety of a stay in a particular case. We agree with the Estate.

Even where a privilege as important as the Fifth Amendment privilege against self-incrimination is implicated in civil proceedings, trial courts have taken steps to ensure that the litigation proceeds in a manner consistent with the interests of justice. *State v. Int'l Bus. Machs. Corp.*, 964 N.E.2d 206, 211-12 (Ind. 2012). In a procedurally and factually analogous case, this Court recently reviewed a trial court's consideration of the factors relevant in determining whether a stay of discovery in civil proceedings pending outcome of criminal proceedings is warranted in the interests of justice based upon the Fifth Amendment privilege. *Fry v. Schroder*, No. 09A02-1206-CT-474 (Ind. Ct. App. Feb. 28, 2013) (publication ordered Apr. 16, 2013), *trans. pending.* In *Fry*, we noted that while a trial court has the inherent power to stay its proceedings, a stay of civil proceedings pending the outcome of criminal proceedings is not constitutionally required. *Id.*, slip op. at 4. (citing *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003)). The ultimate question is whether the court should exercise its discretion in order to avoid placing the defendant in

6

the position of having to choose between risking a loss in his civil case by invoking his Fifth Amendment rights, or risking conviction in his criminal case by waiving his Fifth Amendment rights and testifying in the civil proceedings. *Id.*

To answer that ultimate question, we determined in *Fry* that:

> In deciding whether to stay civil proceedings where a similar criminal action is brought before the completion of the civil proceedings, a court may consider a variety of factors. They include: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in pending civil and criminal litigation.

*Id.* (internal citations omitted). The trial court in *Fry* considered and balanced these five factors before ultimately denying the defendant's motion to stay, specifically noting that "'it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case and risk the negative inference permitted in that situation, or answering questions in the civil context and risking the potential negative effects on the criminal prosecution.'" *Id.*, slip op. at 6 (citation omitted). Upon appellate review of the trial court's consideration and balancing of the relevant factors in *Fry,* we affirmed the trial court's denial of the motion for stay. *Id.*, slip op. at 7.

Consideration of the five factors in the instant case leads to a result opposite that reached by the trial court here when it granted a stay.[3] First, the Estate clearly has an interest

---

[3] Despite the absence of authority from our supreme court doing so, Cozmanoff invites this Court to construe the Indiana self-incrimination provision independently of Fifth Amendment jurisprudence and to determine that the Indiana provision provides greater protection. We decline his invitation.

7

in the expeditious resolution of the wrongful-death proceedings, and that interest would be severely hampered by a stay of all discovery with respect to Cozmanoff. This is especially so in light of the procedural posture of the case being in its initial stage. It is only through the discovery process that a plaintiff can determine the merit or lack thereof in his case and develop his strategy. By refusing to even respond to the complaint, Cozmanoff has prevented the Estate from conducting any discovery regarding the circumstances surrounding the accident that claimed Meux's life, and the current indefinite stay presents a legitimate concern that evidence may be lost and that potential witnesses cannot be discovered or may become unavailable.

Regarding the burden to which any particular aspect of the proceedings may impose on Cozmanoff, we recognize that because the civil and criminal actions arise out of many of the same facts and circumstances, absent a stay, Cozmanoff will likely be faced with the difficult decision to either invoke his Fifth Amendment privilege as to certain questions and risk the negative inference permitted in that situation, or to risk the use of any statement against him in his criminal case. As stated above, however, placing a defendant in a position to make this unsavory choice is neither unconstitutional nor necessarily inconsistent with the "interests of justice." *See id.*, slip op. at 4. Mindful of these concerns, we note again the early procedural stage of this case and that, at least at this juncture, there are methods much less drastic than the current broad and indefinite stay that would promote the interests of justice. *See* Ind. Trial Rule 26(C) (providing various options for limiting discovery through imposition of a protective order). Thus, although this factor perhaps weighs in favor of some

protection for Cozmanoff, it does not weigh in favor of the broad and indefinite protection provided by the current stay of discovery.

As to the efficient use of judicial resources, neither the parties nor the claims are the same in both the civil and criminal proceedings, so we are not faced with a situation where allowing both cases to proceed simultaneously would result in a duplication of efforts, discovery or otherwise. Staying the civil proceedings, however, leaves much uncertainty to the civil court in the management of its cases. Although a criminal trial date has apparently been set within the next year, it is mere speculation on Cozmanoff's part that it will proceed as scheduled. An indefinite stay of discovery imposed at the outset of the civil case brings the case essentially to a standstill while awaiting the outcome of the pending criminal proceeding. The civil court is rendered helpless by issues relating to the criminal court calendar, not to mention issues relating to the appellate court calendar in the event of any criminal appeals, issues over which it has no control. This factor weighs against the current stay.

Persons not parties to the civil litigation also have an interest in allowing the civil case to proceed. Although Cozmanoff is currently the only named defendant, our review of the limited record before us indicates that there could be third parties not currently parties to the litigation who the Estate may consider adding as additional parties after further discovery. A stay of discovery with respect to Cozmanoff inhibits the Estate's ability to discover the identity of those parties. Those third parties have an interest in being named expeditiously

9

and being prepared to defend against potential liability. A stay of discovery negatively affects the interests of those parties.

Finally, there is a general public interest in the swift resolution of both civil and criminal matters, and this factor weighs against the grant of the current stay. Under the circumstances presented, the relevant factors to be considered weigh against a stay of proceedings and/or all discovery with respect to Cozmanoff. We conclude that the trial court abused its discretion in entering its order staying discovery with respect to Cozmanoff. Therefore, the stay should be lifted and the civil litigation permitted to proceed. As we similarly acknowledged in *Fry*, nothing in our determination today prevents the parties from raising or the trial court from revisiting the propriety of a more limited stay in the interests of justice pending future developments. *See Fry*, slip op. at 7.

## II. Cross-Appeal

On cross-appeal, Cozmanoff contends that the trial court abused its discretion when it failed to stay the civil proceeding in its entirety by ordering him to file an answer to the complaint. In light of our foregoing discussion and decision, the cross-appeal issue is now moot. We affirm that portion of the trial court's order requiring Cozmanoff to file an answer to the complaint. We reverse the trial court's order staying all discovery with respect to Cozmanoff and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

ROBB, C.J., and FRIEDLANDER, J., concur.