## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2019, 7:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jerome Williams
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Patricia C. McMath
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerome Williams,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Ron Neal, et al.,<br>*Appellees-Respondents.* | March 11, 2019<br><br>Court of Appeals Case No.<br>18A-CT-834<br><br>Appeal from the<br>LaPorte Superior Court<br><br>The Honorable<br>Michael S. Bergerson, Judge<br><br>Trial Court Cause No.<br>46D01-1704-CT-833 |

**Kirsch, Judge.**

Jerome Williams ("Williams") appeals the trial court's dismissal of his complaint against nine employees of the Indiana State Prison, whom he claims violated his rights under Article 1, Sections 3 and 9 of the Indiana Constitution. Williams raises two issues, which we restate as:

> I. Whether the trial court abused its discretion in granting the State's motion to stay discovery; and

> II. Whether Williams's complaint should have been dismissed under Indiana Trial Rule 12(b)(6) for bringing an impermissible private right of action under the Indiana Constitution.

We affirm.

## Facts and Procedural History

On July 20, 2014, Williams sent a request to enter into a book publishing contract to Warden William Wilson ("Warden Wilson"), the previous warden at the Indiana State Prison. *Appellant's App.* at 44. Warden Wilson denied the request, and Williams filed a grievance. *Id.* Williams later sued Warden Wilson in federal court. *Id.* at 45.

After Williams sued Warden Wilson, nine Indiana State Prison employees took actions adverse to Williams. *Id.* at 45-52. On April 22, 2015, Williams petitioned for restoration of good time credit, but Warden Ron Neal ("Warden Neal"), Warden Wilson's successor, denied the petition. *Id.* at 42, 45-46. Executive Assistants Long and Howard Morton prevented him from appealing Warden Neal's decision. *Id.* at 46.

[5]     On July 29, 2015, Williams went to the law library to research issues related to his federal lawsuit against Warden Wilson. *Id.* at 48. Williams asked law library supervisor Bessie Leonard ("Supervisor Leonard") to provide him with an extended pass so that he could continue his research throughout the week. *Id.* Supervisor Leonard denied the request, explaining that Williams could visit the law library only once per week. *Id.*

[6]     On July 30, 2015, another inmate who worked in the library approached Williams and threatened to beat and rape Williams if he returned to the library. *Id.* at 49. The next day, the same inmate, while brandishing a knife, intruded into Williams's cell. *Id.* Williams disarmed the inmate, chased him out of his cell, and was "forced to stab him due to his continuous aggressions against me." *Id.* Lieutenant Pauline Williams had failed to protect Williams from the other inmate and after the incident, Lieutenant Williams escorted Williams through the correctional facility in full shackles. *Id.* at 50.

[7]     Because of this incident, Captain Harrison Yancey placed Williams in a "bubble cell." *Id.* While Williams was under investigation, Captain Steven Hough confiscated Williams's typewriter. *Id.* Case Manager Victoria Taylor presided over the hearing that addressed the stabbing incident and prevented Williams from presenting a self-defense claim. *Id.* at 44. Case Manager Taylor found Williams guilty of assault for stabbing the other inmate. *Id.* at 52.

[8]     In September of 2015, Williams attempted to mail a package to the National Association for the Advancement of Colored People to get legal representation.

*Id.* at 51. Case Manager Jacqueline Mayes returned the package to Williams, explaining he could not mail it because it was not considered legal mail. *Id.*

[9] Williams filed a complaint against the nine employees, claiming they violated his right to freedom of speech under Article 1, Sections 3 and 9 of the Indiana Constitution by retaliating against him for filing a lawsuit against Warden Wilson. *Id.* at 41-52. In his January 3, 2018 Amended Complaint, Williams sought compensatory damages in the amount of $376,000.00 and $180,000.00 in punitive damages and declaratory relief. *Id.* at 69-70.

[10] On January 2, 2018, the State received Williams's interrogatories. *Id.* at 10. The trial court granted the State to and including February 16, 2018 to respond to Williams's request. *Id.* at 90. On January 22, 2018, the State filed a motion to dismiss Williams's complaint, alleging that under Indiana Trial Rule 12(b)(6), Williams had failed to file a claim upon which he could obtain relief. *Id.* at 92-100. On February 20, 2018, the State filed a motion to stay discovery pending disposition of the motion to dismiss; the trial court granted the motion to stay on February 20, 2018. *Id.* at 12; 110-14. On March 12, 2018, citing Indiana Trial Rule 12(b)(6), the trial court granted the State's motion to dismiss. *Notice of Appeal* at 5. Williams now appeals.

## Discussion and Decision

[11] Williams claims the trial court: 1) abused its discretion in granting the State's motion to stay discovery; and 2) erred in granting the trial court's motion to dismiss pursuant to Indiana Trial Rule 12(b)(6).

[12] We review a ruling on a motion to stay under an abuse of discretion standard. *In re Stephen L. Chapman Irrevocable Trust Agreement*, 953 N.E.2d 573, 577 (Ind. Ct. App. 2011). A trial court abuses its discretion only if its decision is "clearly erroneous, against the logic and effect of the facts before it and the inferences which may be drawn from it." *Fry v. Schroder*, 986 N.E.2d 821, 823 (Ind. Ct. App. 2013). If there is any rational basis or evidence to support the trial court's decision, we will uphold it. *Id.* Courts in civil proceedings have an inherent power to stay its proceedings. *Hardiman v. Cozmanoff*, 4 N.E.3d 1148, 1152 (Ind. 2014). In determining whether to impose a stay, courts may consider:

> (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in pending civil and criminal litigation.

*Fry*, 986 N.E.2d at 823.

[13] Here, granting the motion to stay pending disposition of the motion to dismiss served the trial court's and the parties' interest in judicial economy. Because the State had filed a motion to dismiss, it was possible that Williams's requests for discovery would be rendered moot. Thus, the trial court sensibly granted the State's motion to stay pending disposition of the motion to dismiss. In doing so, it streamlined the litigation and conserved judicial resources. Thus, the trial court did not abuse its discretion in granting the State's motion to stay.

[14]  Moving to Williams's second issue, we find that the trial court did not err in granting the State's motion to dismiss because Williams was impermissibly bringing a private right of action under the Indiana Constitution.

[15]  A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims, not the facts supporting it. *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007); *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010). Accordingly, this court reviews a trial court's ruling on a motion for failure to state a claim de novo. *Charter One Mortg. Corp.*, 865 N.E.2d at 604. The test a reviewing court applies when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the complaint is "sufficient to constitute any valid claim." *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 982 (Ind. Ct. App. 2007), *trans. denied*. The pleadings are viewed in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Droscha v. Shepherd*, 931 N.E.2d 882, 887 (Ind. Ct. App. 2010). A reviewing court will affirm a trial court's decision if the facts alleged in the underlying complaint are "incapable of supporting relief under any set of circumstances." *Clifford v. Marion Cty. Prosecuting Attorney*, 654 N.E.2d 805, 810 (Ind. Ct. App. 1995).

[16]  The trial court did not err in granting the State's motion to dismiss pursuant to Indiana Trial Rule 12(b)(6) because Williams cannot, as a matter of law, bring a private right of action under the Indiana Constitution. A private right of action is an individual's right to sue in a personal capacity to enforce a legal claim.

*Private right of action*, Black's Law Dictionary (10th ed. 2014). "[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App. 2014); *see also Smith*, 871 N.E.2d at 985 ("there is no express or implied right of action for monetary damages under the Indiana Constitution."). Here, Williams filed a complaint seeking compensatory and punitive damages under Article 1, Sections 3 and 9, of the Indiana Constitution. Thus, he initiated a private right of action under the Indiana Constitution, which our well-established precedent does not allow. This means that his action, as pleaded, was incapable of obtaining relief under any circumstances. *Clifford*, 654 N.E.2d at 810. Therefore, the trial court did not err in granting the State's Indiana Trial Rule 12(b)(6) motion to dismiss for failure to state a claim upon which claim may be granted.

[17] Affirmed.

Riley, J., and Robb, J., concur.